## Campbell, Appellant, *v.* National-Ben Franklin Fire Insurance Co.

Argued May 6, 1936. Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*David R. Levin,* for appellant.

*W. W. Stoner,* with him *J. M. Stoner & Sons,* for appellee.

OPINION BY RHODES, J., September 30, 1936:

Plaintiff instituted an action in assumpsit, in the County Court of Allegheny County, against the defendant to recover on two Keystone Underwriters' policies of fire insurance covering a dwelling house and the contents thereof. Defendant was responsible for one-fourth of any loss that might occur, not exceeding $1,000. While the policies were in force the dwelling and furniture covered by said policies were totally destroyed by fire. Plaintiff claimed from the defendant $750 for loss due to the destruction of the dwelling, and $250 for loss due to the destruction of the furniture. At the close of plaintiff's case, the court below directed a verdict for the defendant as to plaintiff's claim for loss of the dwelling, and the trial then proceeded on plaintiff's claim for loss of the contents of the dwelling. The jury returned a verdict in favor of the plaintiff for loss of contents in the amount of $211.50.

Plaintiff filed a motion for new trial as to claim for

loss of dwelling, and the defendant filed a motion for new trial on the personal property loss. The court below refused plaintiff's motion for a new trial, and granted defendant's motion for a new trial. Plaintiff appealed.

The effect of the court's granting a new trial on motion ex parte defendant was to grant a new trial for the entire action and without limitation. When a new trial is granted, it means a new trial in toto. A new trial could not be granted by the court below to retry one of the issues arising on the original trial. When there is any sufficient reason moving the court below to grant a new trial, it inures to the entire controversy; and the result is a retrial of the issues raised by the pleadings. What we said in the case of *Iwankow v. Colonial Life Insurance Company of America*, 120 Pa. Superior Ct. 114, at page 120, 181 A. 870, at page 872, is applicable to the case at bar: "However, the new trial should be granted generally, and should not be limited to special issues. See *Smith et al. v. Smith, etc.*, 77 Pa. Superior Ct. 227, 233. When the court below granted the motion for a new trial, the case was restored to the status it had before any trial took place, and it is fully opened to be tried de novo. See *Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Lynch*, 308 Pa. 23, 28, 162 A. 157, 159."

The legal consequence of the granting of a new trial by the court below on motion ex parte defendant was to grant a new trial on all matters raised by the pleadings.

The record is remitted to the court below for proceedings not inconsistent with this opinion.