McGine *v.* State Mutual Benefit Society, Appellant.

McGine *v.* Industrial Health, Accident and Life Insurance Company, Appellant.

Argued October 12, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.,

*Ralph S. Croskey,* with him *George J. Edwards, III,* and *Theodore L. Reimel,* for appellants.

*Abraham T. Needleman,* for appellee.

OPINION BY PARKER, J., March 3, 1939:

This is the second time that these two cases have been before this court. Precisely the same questions are involved in these two appeals and they will be considered in one opinion. Extensive discussion is not required as the learned trial judge has, in an opinion filed in the court below, fully answered the contentions of the appellants. The judgments must be affirmed.

When the cases were here on the former appeals (124 Pa. Superior Ct. 602, 189 A. 889), we reversed judgments for the plaintiff and granted new trials. On the second trial the cases were tried on a different theory and a new legal question was raised. For all practical purposes the two policies were identical and provided that if weekly dues were unpaid for three successive Mondays the certificate should be automatically lapsed at the close of the business on the third Monday, and that after the certificate lapsed and was reinstated the society should not be liable for the payment of any money on account of the death of the member "result-

ing from any sickness, disease or accident, contracted or occurring prior to the expiration of thirty days after the date of such reinstatement." It is not disputed that the premiums were not paid for three successive Mondays, and the defendants now say that the policies were reinstated by the subsequent payment of arrearages. The defendants offered evidence for the purpose of showing that the insured had died from a disease contracted or occurring prior to the expiration of thirty days after the date of such reinstatement. When the cases were here before the questions presented were argued upon the assumption that the policies had, in fact, lapsed, while on the second trial the plaintiff took the position that the insurance companies had waived their right to claim a lapse and that the provisions as to reinstatement were therefore not applicable. The plaintiff did not, by the pleadings or otherwise, specifically admit that the policies had in fact lapsed.

When a new trial was ordered the case was restored to the status it had before any trial took place: *Penna. Co. for Ins. on Lives, etc., v. Lynch,* 308 Pa. 23, 28, 162 A. 157. The former decision only adjudicated what was then before us and did not divest any right the parties might otherwise possess: *Livingston v. School Board,* 15 Pa. Superior Ct. 358, 363. When a new trial has been granted it results in a retrial of all the issues raised by the pleadings; it means a new trial in toto: *Campbell v. Nat.-Ben Franklin F. I. Co.,* 123 Pa. Superior Ct. 274, 276, 187 A. 217.

The premium receipt books offered in evidence show that the premiums due on March 18 and 25, and April 1 and 8, 1935, were not paid when due, but the same premium receipt books introduced in evidence show that the premiums had been more than three weeks in arrears—the period required for an automatic lapse under the terms of the policy—on fifteen occasions from May 6, 1933, to April 11, 1935, and after each of these periods the defendant company had unconditionally ac-

cepted and retained the premiums so paid; that after April 11 the policies were at no time three weeks in arrears up to the date of the death of the insured on July 9, 1935; and that all premiums were fully paid at the date of the insured's death with the exception of the payment for the current week.

The question raised in these appeals is ruled by the case of *Poles v. State Mutual Benefit Society,* 129 Pa. Superior Ct. 297, 195 A. 429. We there said (p. 301): "We are of the opinion that a reasonable and well-balanced mind could reach but one conclusion from these admitted facts, that is, that the company intended to waive strict compliance with the condition in the policy for the prompt payment of premiums. Where an insurance company adopts a course of conduct which induces an honest belief, reasonably founded, in the mind of the policyholder that strict compliance with stipulations for prompt payment of premiums will not be insisted upon and that payment may be delayed without incurring a forfeiture, the company will be deemed to have waived the right to claim an automatic forfeiture and it will by its conduct be estopped from enforcing the same. See 3 Couch Cyc. of Insurance Law, §681. 'The doctrine that an insurer may waive its right to insist that the rights of the insured have been forfeited extends to practically every ground for denying liability ...... It also applies ...... to a default in the payment of a premium, which may be waived after the premium has become due': 14 R. C. L. 1155, §335. The company ought not to be permitted to take advantage of a default which it encouraged: *Helme v. Phila. Life Ins. Co.,* 61 Pa. 107, 110." The question raised in the Poles case was precisely the same as is involved here, and we need not repeat the reasons there given for our conclusion.

When the trial judge submitted to the jury, under adequate instructions, for their determination the question as to whether the insurance companies had waived

their right to declare a forfeiture without notice to the insured, the defendants were given every right to which they could possibly be entitled. The jury found against the defendants on this issue.

The entire argument of appellants is based on the false premise that the policies were lapsed and reinstated and is therefore of no force.

The judgment in each of the above cases is affirmed.