## Henry *v.* Bulah et al., Appellants.

Argued October 7, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*George R. Eves,* for appellants.

*Charles H. Weidner,* with him *Clarence C. Mendelsohn* and *Stevens & Lee,* for appellees.

OPINION BY GUNTHER, J., January 14, 1955:

Patricia and Franklin R. Henry, minor plaintiffs, were struck and injured by a truck driven by the de-

fendant Turner and owned by his co-defendant, Bulah. Defendants admitted liability; the case went to the jury solely on the issue of damages, and the jury returned verdicts of $200 for Patricia, $1,500 for Franklin and $1,626.25 for the parents. On plaintiffs' motion, the court below awarded a new trial on the grounds of inadequacy of verdicts, and defendants have appealed the award.

Patricia, who was 11 years old at the time of the accident, was rendered unconscious by the accident, suffered contusions and abrasions of the elbows, chest and scapular region and had frequent headaches continuing until the trial two years later. She was in bed approximately one week. Franklin, who was 6 years old at the time of the accident, suffered a cerebral concussion and a fracture of the right femur. He remained in a hospital for two weeks and had a cast on his leg for about three months. His leg was operated on and a steel plate inserted and fastened thereto, which remained at the time of the trial, but which could have been removed. He retains a seven inch scar on his leg. He was sent to a special school for a while in order to avoid being near active children who might have caused him a reinjury.

The principles governing the award of a new trial were extensively dealt with in *Bellettiere v. Philadelphia*, 367 Pa. 638, 81 A. 2d 857, in which it was stated that " 'The presumption is that the trial court was justified in granting a new trial even when the reason given therefor is an insufficient reason unless the court expressly states that it is the only reason.' " And, further that " 'An award of a retrial is an inherent power of the court of common pleas and entirely discretionary' " and " 'One of the least assailable grounds for the exercise of such power [to grant a new trial] is the trial court's conclusion that . . . the interests of jus-

tice therefore require that a new trial be awarded; especially in such a case is an appellate court reluctant to interfere.' "

The court below in its opinion, reviewed the evidence of injuries and concluded that the verdicts for minor plaintiffs were inadequate. The granting of a new trial for inadequacy of the verdicts is a matter for the sound discretion of the court below and will not be reversed except for a clear abuse of such discretion: *Gettemy v. Grennan Bakeries, Inc.*, 145 Pa. Superior Ct. 405, 21 A. 2d 465; *Beal v. Reading Co.*, 370 Pa. 45, 87 A. 2d 214. The court below stated that "In the interest of justice, a new trial should be had" and such a reason, standing alone, has been held insufficient to sustain the award of a new trial: *Beal v. Reading Co.*, supra. However, the court below made it clear that the primary reason for its action was inadequacy of the verdicts.

Reviewing the record in light of these principles, we conclude that the court below did not act capriciously or arbitrarily or abuse its discretion. The injuries received by these children were severe and required extensive medical treatment. The pain and suffering, inconvenience, loss of time, and permanent damage add up to a considerable loss to each of the minors. It is not our duty to substitute our judgment of inadequacy for that of the trial judge, but rather to determine whether there exists sufficient ground for reasonable men to conclude that the verdicts were clearly inadequate.

Order affirmed.