## Friedman *v.* Matovich, Appellant.

276

Argued November 13, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Charles G. Sweet*, for appellant.

*Adolph L. Zeman*, with him *Robert L. Zeman*, *Sherman H. Siegel*, and *Zeman & Zeman*, for appellees.

OPINION BY WOODSIDE, J., December 17, 1959:

This is an appeal from an order granting a new trial to the plaintiffs in an assumpsit action after the jury awarded them $1 for legal services which they had rendered to the defendant.

Joseph Matovich, the defendant in this case, had been declared incompetent and his brother had been appointed guardian of his estate. The guardian had purchased a farm in Washington County with funds belonging to the defendant and wrongfully retained a life estate therein. The defendant employed David A. Friedman, Esq. and John A. Metz, Jr., Esq., both members of the Allegheny County Bar, to represent him in an effort to have the court declare him competent, to discharge the guardian, and to compel the guardian to account.

As a result of proceedings brought by the plaintiffs, the court adjudged the defendant competent and removed his guardian. This was followed by an equity proceeding in which the plaintiffs filed exceptions to two separate accounts, spent several days trying the case, prepared suggested findings of fact and conclusions of law, and argued before the chancellor and later before the court en banc.

As a result of these proceedings, the guardian was directed to surrender and convey to the defendant the life estate which the guardian had taken in a farm in Mt. Pleasant Township, Allegheny County, containing about 287 acres, the value of which property was set at $20,000. The plaintiffs also succeeded in having the courts void approximately $7400 in claims which the guardian had attempted to assert against his ward.

The plaintiffs placed a value of $4050 upon these services. They admitted receiving a retainer of $300 at the beginning of the litigation, reducing their claim to $3750. This action in assumpsit was brought by the two lawyers to recover this sum from their former client.

The defendant admitted that the services had been rendered by the plaintiffs with the above results, but contended that at the time he had engaged them, he had paid them $300 which they agreed to accept as payment for all services to be rendered in connection with the proceedings for which they had been retained. The plaintiffs claimed that the $300 was a retainer only, and that they were to be paid on a quantum meruit basis, after the proceedings were concluded, for the services which they had rendered, and that this arrangement was explained and understood by the defendant.

The jury found for the plaintiffs in the sum of $1. If the $300 was a retainer, as the jury verdict would seem to indicate, then the additional sum of $1 was clearly inadequate and the court below did not abuse its discretion in granting a new trial.

The court below stated in its opinion, "attorneys of the standing of these plaintiffs could hardly be expected to enter into litigation of the type and character that was to be involved here and fix such a modest fee in advance of $300, to be divided between them. There is no doubt that the preponderance of the evidence is with the plaintiffs, considering the testimony, the known and usual practice and custom of attorneys in such cases, the substantial and extended proceedings involved, together with the results accomplished."

The granting of a new trial for inadequacy of the verdict is a matter for the sound discretion of the court below and will not be reversed except for a clear abuse of such discretion. *Henry v. Bulah*, 177 Pa. Superior Ct. 399, 402, 110 A. 2d 778 (1955) ; *Schwartz v. Jaffe*, 324 Pa. 324, 327, 188 A. 295 (1936).

There was no abuse of discretion by the court below in granting the new trial.

The court ordered the new trial "to be confined solely to the issue of the amount of the attorneys' fees

to which the plaintiffs may be entitled to recover from the defendant."

We are of the opinion that the new trial should not be limited to a determination of the value of the legal service.

At common law, a new trial granted on the ground of the inadequacy of the verdict could not be limited to damages and this rule is followed now in some jurisdictions. In Pennsylvania, and many other jurisdictions, a new trial may, in proper cases, be limited to damages only. "A new trial should be limited to the ascertainment of damages if, and only if, it clearly appears that the ends of justice will be served thereby; nor should it be so limited when it is impossible to try a case fairly without submitting the entire case to a jury; . . . or where the verdict is wholly inadequate, as conceded by defendant's proofs, and there is no rational explanation of the jury's finding of the particular amount." Granting new trials limited in this manner is a power which should be exercised cautiously with due regard to the rights of both parties. 66 C.J.S., New Trials, §11e(1), pp. 95, 96; 29 A.L.R. 2d 1199.

Ordinarily a jury does not apply with meticulous care a logician's syllogism to the evidence nor proceed from point to point in the fashion of a lawyer. It is unrealistic to assume that the judge's charge, filled with technical rules for the jury to follow in arriving at its verdict, is never dimmed in the jury room by the guiding light of a layman's sense of right. The jury seldom examines the evidence piecemeal with the discerning eye of a scientist, nor does it climb a logical ladder, step by step to a mathematically perfect conclusion. Jurors are more likely to view the evidence as a whole and apply their accumulated experience and combined sense of justice to arrive at a result they think fair to all the parties under all the circumstances. This is not a fault but a virtue of the jury system; it

is one of the system's blessings, not one of its evils. This humanizes and tempers the cold logic which accepts no compromises and recognizes no grays. That the jury requires court supervision and its product occasionally requires judicial revision does not detract from the value of this ancient right of free people to have their disputes submitted to their peers. If the jury took a panoramic view of this case to determine the result it believed just, then limiting the retrial to a single point is unlikely to bring about a just result.

Of course, the evidence must be limited to the issues, and when one of the issues is so definitely and conclusively settled by a verdict that reasonable men could not be expected to arrive at a different conclusion, it is not necessary to retry such issue. This was the case in *Cason v. Smith,* 188 Pa. Superior Ct. 376, 146 A. 2d 634 (1958) and *Dunn v. Atlantic Refining Co.,* 391 Pa. 65, 137 A. 2d 262 (1958). There must, however, be a finding of liability on clear proof. *Mains v. Moore,* 189 Pa. Superior Ct. 430, 436, 150 A. 2d 549 (1959).

But these situations are rare. To draw the line so that limiting new trials to the amount of damages becomes the general rule instead of the exception will not aid, but hinder the administration of justice. See 66 C.J.S., New Trials, §11e(1), supra, and the numerous cases there cited. *Campbell v. National-Ben Franklin Fire Ins. Co.,* 123 Pa. Superior Ct. 274, 277, 187 A. 217 (1936) ; *Dosen v. Union Collieries Co.,* 150 Pa. Superior Ct. 619, 29 A. 2d 354 (1942) ; *Iwankow v. Colonial Insurance Co.,* 120 Pa. Superior Ct. 114, 181 A. 870 (1935) ; *Pa. Co. for Ins. on Lives, etc. v. Lynch,* 308 Pa. 23, 162 A. 157 (1932) ; *Schofield v. Schofield,* 124 Pa. Superior Ct. 469, 189 A. 572 (1937) ; *Lemon v. Campbell,* 136 Pa. Superior Ct. 370, 7 A. 2d 643 (1939).

To limit the new trial is to assume that the verdict conclusively settled the liability of the defendant. Regardless of what we may believe because of personal familiarity with similar circumstances, the fact remains that there is a direct conflict in the testimony of the parties concerning the liability of the defendant which makes the fact a disputed jury question. In the case of a verdict of $1 it is not realistic to assume that the jury deliberately and conclusively settled the question of liability and was confused only concerning the amount involved.

"The court should never permit a party to an action to select for retrial the issues decided against him and upon the rehearing treat those decided in his favor as settled, when the issues are interwoven and cannot be separated without injustice to the other party." *Reay v. Beasley*, 66 P. 2d 1043 (Ariz. 1937).

"The instances in which a new trial upon the issue of damages alone may be proper are comparatively infrequent. Where it appears that the verdict was the result of a compromise, such error taints the entire verdict and requires a new trial as to all of the issues in the case." 39 Am. Jur., p. 48, §24.

The order of the court below is modified by striking out the limitations of the new trial and as so modified is affirmed.