Pennsylvania Gas and Electric Appliance Co., Appellant, *v.* Smith.

Argued September 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*David H. Kubert,* for appellant.

*Paul C. Van Dyke,* with him *Cochrane & Van Dyke,* for appellees.

OPINION BY FLOOD, J., November 15, 1962:

The issue raised by the plaintiff on this appeal is whether or not the court below abused its discretion in granting a new trial generally instead of limiting it to the issue of damages.

The action is in assumpsit to recover damages for the breach by the defendants of an alleged contract for the installation by the plaintiff of certain improvements in the defendants' home. Although the existence of the contract, its breach and the plaintiff's damages were contested by the defendants, who also contended that the plaintiff was guilty of sharp practices and overreaching, the trial judge directed a verdict for the plaintiff, apparently because of certain admissions made by the defendants during the course of the trial. The court en banc, recognizing that the plaintiff's case was for the jury because it depended partly upon oral testimony, granted the defendants' motion for a new trial on the authority of *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932) and subsequent cases.

The appellant's argument that we should modify the order of the court below, so as to limit the new trial to the issue of damages, is a novel one since no jury has yet resolved in the plaintiff's favor the issue of liability, which was withdrawn from the jury by the trial judge's direction.

For the reasons set forth in *Friedman v. Matovich,* 191 Pa. Superior Ct. 275, 156, A. 2d 608 (1959), we doubt that an order limiting a new trial to the issue of damages could be sustained in a case such as this. In any event the *Friedman* case is ample authority to

support the order of the court below awarding a new trial generally. See also *Thompson v. Iannuzzi*, 403 Pa. 329, 169 A. 2d 777 (1961).

Order affirmed.