601 A.2d 361

**Michele D. EADIE**

v.

**Andrew V. BOHATCH, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 1991.

Decided Jan. 7, 1992.

James J. Nesser, Uniontown, for appellant.

Gary J. Frankhouser, Uniontown, for appellee.

Before CIRILLO, DEL SOLE and MONTGOMERY, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Fayette County granting summary judgment in favor of plaintiff/appellee Michele D. Eadie [Eadie] and against defendant/appellant Andrew V. Bohatch [Bohatch]. We affirm.

Michele Eadie filed a paternity action against Andrew Bohatch, claiming he was the natural father of their son, Cory M. Eadie. Bohatch denied paternity. Eadie filed a petition to compel blood tests. *See* 42 Pa.C.S. § 6131 *et seq.*[1] Bohatch filed an answer denying paternity and raising as new matter the claim that Eadie was precluded from pursuing the action due to the fact that she was intimately involved with several men at the same time she allegedly conceived the child with him. Thereafter, the court ordered the parties and the child to submit to blood tests pursuant to 42 Pa.C.S. § 6133.[2] Bohatch refused to submit to the

1. The Uniform Act on Blood Tests to Determine Paternity, 42 Pa.C.S. § 6131, *et seq.* was repealed, 1990, Dec. 19, P.L. 1240, No. 206, § 6, effective in 90 days, and reenacted at 23 Pa.C.S. § 5104.

   The Divorce Code, as enacted by Act 1980, Oct. 15, P.L. 934, No. 163, § 1, effective Jan. 1, 1981, as amended by Act 1990, Dec. 19, P.L. 1240, No. 206, effective in 90 days, is now contained in Title 23, Pennsylvania Consolidated Statutes, entitled Domestic Relations. Derivations and dispositions of the relevant statutes will be referenced throughout this opinion for clarification of the prior and subsequent history of the relevant laws.

2. Section 6133 of Title 42 gives the trial court the authority to order blood tests where paternity, parentage or identity of a child is a "relevant fact." Section 6133 also provides that if a party refuses to abide by the court's order, "the court may resolve the issue of paternity, parentage or identity of a child against such party, . . ." 42

blood tests. Eadie filed a motion for summary judgment. The trial court scheduled argument on the motion. Bohatch was precluded from oral argument for failure to timely file a responsive brief to Eadie's motion.[3] The trial court granted summary judgment in Eadie's favor, and the issue of paternity was resolved against Bohatch. *Id.* This appeal followed. Bohatch raises two questions for our review:

1. Whether the trial court erred in granting the plaintiff's motion for summary judgment finding paternity, in that a genuine issue of material fact does exist over the parentage of the minor child, as evidenced by the pretrial statements filed by the Fayette County Domestic Relations Office naming other individuals as the father of the child?

2. Whether the trial court erred as a matter of law in granting the plaintiff's motion for summary judgment in that the proper remedy for the defendant's failure to submit to blood tests should have been a petition for contempt with a rule to show cause?

Bohatch concedes notice of the two scheduled blood tests. He contends, nonetheless, that he did not have to comply with the court's order because he denied paternity in his answer to Eadie's motion to compel blood tests, and raised in new matter that Eadie was precluded from pursuing the action due to her intimate involvement with other men at the time the child was conceived. Bohatch maintains, therefore, that the court was presented with a "genuine issue of material fact" as to the paternity issue. In the alternative, Bohatch argues that Eadie's remedy for his failure to

Pa.C.S. § 6133 (Repealed. 1990, Dec. 19, P.L. 1240, no. 206, § 6, effective in 90 days). The text of section 6133 has been reenacted at 23 Pa.C.S. § 5104, 1990, Dec. 19, P.L. 1240, No. 206, § 2, effective in 90 days.

3. We note that a responsive brief to the motion for summary judgment has been reproduced in appellant's reproduced record; however, the brief has not been included in the original record on appeal, nor is it listed in the certified copy of the docket entries. *See* Pa.R.A.P. 1921. This court may consider only facts which have been duly certified in the record on appeal. *Commonwealth v. Young,* 456 Pa. 102, 115, 317 A.2d 258, 264 (1974).

appear was to file a petition for contempt, not a motion for summary judgment. *See* 23 Pa.C.S. § 4344.[4]

■■■■ The trial court determined that the decision in *Smith v. Beard,* 326 Pa.Super. 95, 473 A.2d 625 (1984) was controlling. Relying upon the reasoning in *Smith,* the trial court held that failure to appear for the scheduled blood tests subjected Bohatch to the court's authority to resolve the issue of paternity against him. We agree with the trial court. The fact that Bohatch answered Eadie's motion to compel blood tests does not entitle him to shun his responsibility to comply with the trial court's directive.

Section 6133 of Title 42 provides in part:

In any matter subject to this subchapter in which paternity, ... is a relevant fact, the court upon its own initiative

---

4.  Section 4344 of Title 23 provides:
    **§ 4344. Contempt for failure of obligor to appear**
    A person who willfully fails or refuses to appear in response to a duly served order or other process under *this chapter* may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:
    (1) Imprisonment for a period not to exceed six months.
    (2) A fine not to exceed $500.
    (3) Probation for a period not to exceed six months.
    23 Pa.C.S. § 4344. 1985, Oct. 30, P.L. 264, No. 66, § 1, effective in 90 days. The prior statute, 42 Pa.C.S. § 6705(a), did not include the additional penalties of fine or probation, but in all other respects the two statutes are comparable. Like the current statute, section 6705(a) of Title 42 provided for contempt proceedings and a penalty for failure to appear in response to a court's order "under this subchapter." 42 Pa.C.S. § 6705. The subchapter was entitled Support Proceedings. The current statute provides for contempt proceedings and penalties for failure to appear in response to a court's order "under this chapter," Chapter 43, which is entitled Support Matters Generally.
    The authority for resolving the issue of paternity against a party for failure to appear for scheduled tests is found in another subchapter of Title 42, entitled Blood Tests to Determine Paternity, 42 Pa.C.S. § 6133, and another chapter of Title 23, entitled Children and Minors, 23 Pa.C.S. § 5104(c). The placement of these sections is, in this court's opinion, additional support for our resolution of the issue before us. Despite the fact that this paternity action emanated from a support action, we do not find that the legislature's grant of authority in section 6133 (or section 5104(c)) is limited by the contempt procedures provided for in support proceedings. *See* 1 Pa.C.S. § 1924; *see also Fedor v. Borough of Dormont,* 487 Pa. 249, 409 A.2d 334 (1979) (titles and preambles of a statute may be considered in construction thereof).

... or upon motion of any party to the action ... shall order the mother, child and alleged father to submit to blood tests. *If any party refuses to submit to such tests, the court may resolve the question of paternity ... against such party,* or enforce its order if the rights of others and the interests of justice so require.

42 Pa.C.S. § 6133. *See also* 23 Pa.C.S. § 5104, *infra.*

In *Smith,* the trial court exercised its authority under this statute. On appeal, this court was presented with the appellant's argument that no adjudication of paternity can be made except after a hearing on the merits. *Smith,* 326 Pa.Super. at 99, 473 A.2d at 627. The *Smith* court held otherwise.

The trial court in *Smith* ordered blood tests upon appellee's motion, 42 Pa.C.S. § 6131 *et seq.,* and appellant failed to appear on the scheduled date despite having received notice. Appellee filed a petition and rule to show cause why the issue of paternity should not be adjudicated against appellant in light of his failure to appear for the scheduled tests. Appellant did not respond to the court's issuance of a rule to show cause. Appellee filed a motion to make the rule absolute and the appellant was subsequently adjudicated the father of the child. *Smith,* 326 Pa.Super. at 99, 473 A.2d at 627.

On appeal, following the entry of a support order, the appellant in *Smith* argued that the adjudication was in error since there was no hearing on the merits. The *Smith* court disagreed and held that the procedure utilized by the appellee, petition and rule, was not objectionable. *Id.,* 326 Pa.Superior Ct. at 100–101, 473 A.2d at 628. The court stated:

This Commonwealth's petition practice affords a responding party *with notice and an opportunity to be heard before a rule absolute is entered.* The appellant simply did not avail himself of this right. As such, the lower court had before it an unanswered petition which alleged the appellant's refusal to submit to HLA testing. The lower court was entitled to find that the appellant, in fact, refused to appear. Under 42 Pa.C.S.A. § 6133, the court

could therefore "resolve the question of paternity" against the appellant.

*Id.* (emphasis added).

In the instant case appellee Eadie did not utilize petition and rule procedures. Instead, she filed a motion for summary judgment. Bohatch had notice and was afforded the opportunity to be heard. The trial court scheduled oral argument on the motion, and ordered both parties to file briefs. Bohatch failed to file a brief responding to Eadie's motion for summary judgment, and thus was precluded from orally arguing his case. The court resolved the issue of paternity against Bohatch, and a final order of support was entered on October 15, 1990. *See* Pa.R.C.P. 1910.11(h); *see also* Pa.R.C.P. 1910.15(d)(2)(e), (f).

▮▮▮ We do not discern any distinction of consequence between these procedural mechanisms. Whether proceeding by petition and rule, or motion and answer,[5] Bohatch, had he complied with the court's various orders, would have had the opportunity to be heard before the trial court. Bohatch simply did not avail himself of this right. *Smith, supra.* Nor do we place significance upon the fact that, unlike the appellant in *Smith,* Bohatch responded to the Eadie's motion to compel blood tests. Furthermore, the fact that Bohatch filed a demand for a jury trial does not alter our conclusion. *See* Pa.R.C.P. 1910.15(b).[6]

An unwed or alleged father "has procedural and substantive due process rights and cannot be denied access to the

5. We refer here to Eadie's motion to compel blood tests and Bohatch's answer to the motion to compel blood tests. Bohatch's "genuine issue of material fact" language, which is language of summary judgment, is confusing in light of the fact that no answer or responsive pleading to the motion for summary judgment was filed.

6. Either party may demand a trial by jury on the issue of paternity. However, paternity is a civil action governed by the Pennsylvania Rules of Civil Procedure. *See* 42 Pa.C.S. § 6704(f); 23 Pa.C.S. § 4341. This right is not absolute, and we decline to hold as much. *See Smith, supra.* As in any civil trial, a party's action or inaction, in particular non-compliance with court orders, may result in the entry of judgment or the determination of issues against that party. *See generally* Pa.R.C.P. 4019.

courts to prove or disprove his paternity...." *John M. v. Paula T.*, 524 Pa. 306, 315–16, 571 A.2d 1380, 1385 (1990) (citations omitted). This fundamental principle and its protections have been not been discounted in this case. Bohatch was afforded due process, but he chose instead to ignore the court's orders and jeopardize his right to be heard. The consequences which have befallen Bohatch are the result of his own indifference to the trial court's directives. We cannot sanction this course of action.

Order affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

I dissent from the majority decision because I do not agree that we should permit the entry of a finding of paternity against Appellant as a sanction for failing to comply with an order for blood tests. The trial court granted Appellee's motion for Summary Judgement, following Appellant's refusing the test. Summary judgment presupposes that there are no factual issues in dispute. However, the ultimate factual issue, namely the paternity of the child, is still very much in dispute.

The majority improperly bases its decision on *Smith v. Beard*, 326 Pa.Super. 95, 473 A.2d 625 (1984). *Smith* is clearly distinguishable, since it involved an appeal from an order of support. Prior to entry of that order, and after Smith refusal to submit to testing, a Petition for rule to show cause why he should not be determined the father was filed. Smith failed to respond to the petition, failed to proceed with any of the fact-finding processes available to challenge the requested relief and did not appeal from the determination of paternity. On appeal this court determined that Mr. Smith was afforded an opportunity to litigate the issue of paternity but ignored the process. The instant case differs drastically from the proceedings involved in *Smith*. Unlike *Smith*, Appellant did not ignore the legal procedures available to him and filed an answer to

Appellee's motion to compel blood test, in which he denied paternity. Thus, the court was presented with a genuine issue of material fact on the issue of paternity. Since a motion for summary judgment presupposes that there are no factual issues in dispute, the granting of summary judgment was therefore improper.

Section 6133 of Title 42 states that "if any party refuses to submit to such [blood] tests, the court may resolve the question of paternity ... against such party." 42 Pa.C.S. § 6133 (emphasis added). While I do not believe that the court should utilize this provision when faced with a motion for summary judgment, the fact finder should be made aware of the provision as well as Appellant's refusal to submit to blood testing. Refusal can be considered as evidence along with any reason given by a party in reaching a finding. The mere refusal to take a blood test, however, is not in and of itself conclusive evidence of paternity, nor should it be the basis for the granting of summary judgment.