666 A.2d 319

**Michelle SCHICKLE, Appellee,**

v.

**Larry McFARLIN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 30, 1995.

Filed Oct. 12, 1995.

Linda F. Gerencser, Assistant Public Defender, Lancaster, for appellant.

Gina R. Brownfield, Lancaster, for appellee.

Before KELLY, HUDOCK and MONTGOMERY, JJ.

KELLY, Judge:

This appeal asks us to determine whether the trial court erred when it entered the September 28, 1994 order requiring

appellant, Larry McFarlin, to comply with the Domestic Relation Officer's September 27, 1994 recommendation and commence payment of support to appellee, Michelle Schickle, for appellee's minor child. Specifically, we must determine whether appellant was entitled to a jury trial regarding the issue of his paternity of appellee's minor child after this case was remanded to the trial court for a new trial by this Court even though appellant did not demand a jury trial in the initial proceeding.[1] We hold that appellant's written demand for a jury trial on this paternity issue was timely filed and should have been granted. Accordingly, we reverse and remand.

The relevant facts and procedural history of this case are as follows. Appellee originally initiated this paternity action by filing a complaint for child support against appellant in March 1988.[2] Subsequently, on April 13, 1988, a support conference was held. At this conference, appellant failed to acknowledge his paternity of appellee's minor child. Appellant and appellee also acknowledged their right to demand a jury trial within ten days of the conference pursuant to Pa.R.Civ.P. 1910.15(b) by executing the notice of right to trial on issue of paternity form which complied with Pa.R.Civ.P. 1910.28(b). Because neither appellant nor appellee elected to request a jury trial within ten days of the conference, a non-jury trial was held to determine whether appellant was the father of appellee's minor child.

After the non-jury trial, on March 27, 1989, the trial court found that appellant was not appellee's minor child's father. Appellee appealed this determination. On appeal, this Court reversed the trial court's March 27, 1989 ruling and remanded for a new trial because the trial court excluded from evidence the Human Leukocyte Antigen (HLA) blood tests which indicated that the probability of appellant being the father of appellee's minor child was 98.83%. *See Corteguera v. McFar-*

1. We note our resolution of this appeal does not require us to determine whether appellant is actually the father of appellee's minor child, and we do not address this issue herein.

2. At this time, appellee's surname was Corteguera. During the course of these proceedings, appellee married and adopted the surname Schickle.

*lin,* 410 Pa.Super. 659, 590 A.2d 379 (1991) (Table). Appellant appealed this Court's decision to our Supreme Court. Our Supreme Court originally granted allocatur to appellant's appeal; however, it was subsequently dismissed as improvidently granted on November 16, 1992. *See Corteguera v. McFarlin,* 532 Pa. 302, 615 A.2d 734 (1992).

Accordingly, appellee filed an amended complaint regarding appellant's paternity of her minor child on June 1, 1993. Nine days later, appellant filed a motion demanding a jury trial on the paternity issue. This motion was denied by the trial court's order dated July 8, 1993 and a second non-jury trial was held on October 20, 1993. After the second non-jury trial, by order dated October 20, 1993, the trial court found appellant to be the father of appellee's minor child. Consequently, after the denial of post-verdict motions, on September 28, 1994, the final order of support was entered and appellant timely filed a notice of appeal with this Court.

Appellant raises the following issues for our review:

I. DID THE LOWER COURT ERR IN DENYING DEFENDANT'S MOTION FOR A JURY TRIAL?

II. DID THE LOWER COURT ERR IN SUSTAINING PLAINTIFF'S OBJECTION TO DEFENDANT'S INTENDED INTRODUCTION OF EVIDENCE WHICH WOULD HAVE IMPEACHED PLAINTIFF'S CREDIBILITY?

Appellant's Brief at 3.

■ In his first contention of trial court error, appellant claims that his failure to timely demand a jury trial prior to the first non-jury trial regarding the paternity of appellee's minor child does not preclude him from demanding and being granted a jury trial upon remand of this case pursuant to this Court's holding that the HLA blood tests were improperly excluded from evidence. We agree.

■ Paternity determinations with regard to children born out of wedlock are civil actions and are "made without a jury unless either party demands a trial by jury." 23 Pa. C.S.A. § 4343(a). *See Smith v. Beard,* 326 Pa.Super. 95, 100,

473 A.2d 625, 628 (1984) (paternity actions are civil actions in which no absolute right to trial, with or without jury, exists); *Eadie v. Bohatch,* 411 Pa.Super. 304, 310, 601 A.2d 361, 363–64 (1992) (paternity actions are civil actions in which summary judgment may be granted against party who refuses to submit to blood tests). Because paternity determinations are civil actions, they are governed by the Rules of Civil Procedure. *Smith v. Beard, supra* at 100, 473 A.2d at 628; *Commonwealth v. Roy,* 322 Pa.Super. 218, 221, 469 A.2d 261, 263 (1983). Hence, the Rules of Civil Procedure pertinently provide as follows:

(a) If the action seeks support for a child born out of wedlock and the reputed father is named as defendant, the defendant may acknowledge paternity in a verified writing substantially in the form provided by Rule 1910.28(a). In that event the action shall proceed as in other actions for support.

(b) If the reputed father does not execute an acknowledgement of paternity, the conference officer shall terminate the conference. The conference officer shall advise the parties that there will be a trial without jury on the issue of paternity unless within ten days after the conference either party demands a trial by jury as provided by Rule 1910.28(b).

Pa.R.Civ.P. 1910.15(a), (b). This rule only establishes the procedure for demanding jury trial in paternity actions and does not confer any substantive rights. *Smith v. Beard, supra* at 100 n. 6, 473 A.2d at 628 n. 6. Accordingly, a reputed father is entitled to a jury trial on the issue of paternity if it is demanded within ten days of the support conference.

 It is well established that "the grant of a new trial means a new trial generally; it restores the case to the status it had before any trial took place, and *it is fully open to be tried de novo as to* all the parties and *all the issues.*" *Cason v. Smith,* 188 Pa.Super. 376, 382, 146 A.2d 634, 637 (1958) (emphasis added) (citing *Pennsylvania Co. for Ins. on Lives and Granting Annuities v. Lynch,* 308 Pa. 23, 28, 162 A. 157, 158 (1932); *Iwankow v. Colonial Life Ins. Co. of America,* 120

84

Pa.Super. 114, 120, 181 A. 870, 872 (1935)). *See Pupich v. Bock*, 202 Pa.Super. 382, 385, 195 A.2d 809, 811 (1963) (grant of new trial restores case to original status); *Mains v. Moore*, 189 Pa.Super. 430, 434, 150 A.2d 549, 551 (1959) (same). A new trial *in toto* must occur. *McGine v. State Mut. Ben. Soc.*, 135 Pa.Super. 35, 37, 4 A.2d 537, 538 (1939) (citing *Campbell v. Nat.–Ben Franklin F.I. Co.*, 123 Pa.Super. 274, 187 A. 217 (1936)). In other words, where a new trial has been granted,

> ... the case stands as though there had never been a trial. The law of the case doctrine does not apply ... and rulings of the court at the former trial are not binding on the court at the new trial. The trial court has the same power with reference to matters connected with the trial of the case as it had before the first trial was had; it is the duty of the court to proceed as in the first instance, and the new trial is had as though there had never been a previous one.

66 C.J.S. New Trial § 226 at 580 (footnotes and citations omitted).

 ▪ Instantly, this Court originally ordered a new trial because we found that relevant evidence regarding the probability of appellant's paternity of appellee's minor child was improperly excluded at the first trial. Accordingly, after our Supreme Court dismissed appellant's appeal on November 16, 1992, this case was restored to the original status it had prior to the occurrence of the first trial. This new trial was fully open to be tried *de novo* as to all issues. Appellant's failure to demand a jury trial within ten days of the April 13, 1988 support conference had no bearing whatsoever on his ability to demand a jury trial once this case was remanded to the trial court. Indeed, as this case was to be conducted as though the March 27, 1989 non-jury trial had never occurred, *see* 66 C.J.S. New Trial § 226 at 580, appellant possessed the right to demand a jury trial at some point in time after appellee had filed her amended complaint. *See* 23 Pa.C.S.A. § 4343(a). *See also Smith v. Beard, supra.* Thus, because appellant moved for a jury trial on the issue of his paternity of appellee's minor child nine days after appellee filed her June 1, 1993 amended complaint, appellant did not waive his right to a

jury trial.[3] Therefore, the trial court erred in denying a jury trial to appellant on this issue.

Based upon the foregoing, we conclude that appellant was entitled to a trial by jury on the issue of his paternity of appellee's minor child after this Court remanded this case for a new trial. Thus, the trial court's support order is reversed and this case is remanded for a jury trial on the issue of appellant's paternity of appellee's minor child.[4]

Order reversed; case remanded. Jurisdiction relinquished.

HUDOCK, J., files a dissenting opinion.

HUDOCK, Judge, dissenting.

Respectfully, I dissent. The majority correctly points out that "a reputed father is entitled to a jury trial on the issue of paternity if it is demanded within ten days of the support conference." Majority Op. at p. 83. Both Mother and McFarlin were notified of their right to demand a jury trial on the issue of paternity at the April 13, 1988 support conference. Neither party demanded a jury trial on or before April 23, 1988—the date when the ten day period expired. Because

3. A second support conference was not held after this case was remanded; appellant had already failed to execute an acknowledgment of paternity with regard to appellee's minor child at the April 13, 1988 conference. Support conferences terminate once a reputed father fails to execute an acknowledgment of paternity. Pa.R.Civ.P. 1910.15(b). Consequently, because appellant has continually contested his paternity of appellee's minor child, a second conference was unnecessary. Thus, it was impossible for appellant to demand a jury trial within ten days of the conference as per Pa.R.Civ.P. 1910.15(b). Nonetheless, appellant promptly demanded a jury trial nine days after appellee filed her amended complaint. As jury trials ordinarily must be demanded in writing within twenty days of the filing of the complaint to be considered timely, Pa.R.Civ.P. 1007.1(a); see Jones v. Van Norman, 513 Pa. 572, 584, 522 A.2d 503, 509 (1987) (demand for jury trial filed more than twenty days after last permissible pleading was untimely and waived right to jury trial), we conclude that appellant's written demand for a jury trial regarding his paternity of appellee's minor child was timely; strict compliance with Pa.R.Civ.P. 1910.15(b) was impossible and appellant demanded a jury trial within twenty days of the filing of appellee's amended complaint.

4. We note that no need exists to address appellant's second issue raised on appeal as a result of our remanding this case for a jury trial.

McFarlin did not demand the jury trial within ten days from the date of the original support conference, I would agree with the trial court that McFarlin waived his right to a jury trial on the issue of paternity.

The majority correctly cites 23 Pa.C.S.A. section 4343(a) as guaranteeing McFarlin the right to a jury trial on the issue of paternity. However, the right to a jury trial in a paternity action is not absolute and may be waived, either expressly or by implication. *Smith v. Beard*, 326 Pa.Super. 95, 100, 473 A.2d 625, 628 (1984); *see also Cohen v. Sykes*, 180 Pa.Super. 427, 428–30, 118 A.2d 208, 209 (1955) (when prothonotary erred by placing case on non-jury trial list even though defendant demanded a jury trial, the defendant was not entitled to a new trial after he proceeded with the non-jury trial). In order to secure a jury trial on the issue of paternity, McFarlin had to comply with the procedure set forth in Rule 1910.15(b). Failing to adhere to this procedure, McFarlin voluntarily waived the right to a jury trial. In *Downs v. Scott*, 201 Pa.Super. 278, 280, 191 A.2d 908, 910 (1963), this Court stated, "It is the right to a jury trial that is guaranteed by the Constitution and when there is a reasonable method of waiver provided, a party who waives the right in this method cannot contend, after he has lost the case, that he did not legally waive it." I find that Rule 1910.15(b) provides such a "reasonable method of waiver" making this principle of waiver applicable to the instant case.

A trial court has discretion to allow a party to withdraw a waiver of the right to a jury trial. *Rodney v. Wise*, 347 Pa.Super. 537, 543, 500 A.2d 1187, 1190 (1985). Ordinarily, if the party demonstrates sufficient legal cause to withdraw a waiver of the right to a jury trial, the court may permit a withdrawal of the waiver. *Id.* However, "a mere change of heart will not constitute sufficient legal cause for withdrawing an express jury waiver." *Id.*

In the instant case, McFarlin has not offered any explanation or legal cause which would justify a withdrawal of his waiver of the right to a jury trial. As such, I find no abuse of

the trial court's discretion in failing to allow him to proceed with a jury trial.

I agree with the majority's conclusion that once a new trial is granted, the case is tried *de novo* as to all issues which arose at the original trial. However, this general principle of law does not mean that the parties are entitled to start the civil proceeding over at the pleading stage. Once a case is remanded for a new trial, the case commences as if the original trial never occurred—it does not commence at the pleading stage. Without showing good cause as to why he should be allowed to withdraw his waiver of a jury trial, I would find that McFarlin is not entitled to a second opportunity to demand a jury trial once the case is remanded for a new trial.