## Lemon, Appellant, v. Campbell.

Argued May 8, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Herman Recht,* with him *C. Joseph Recht,* for appellant.

*Carl W. Brueck,* for appellee.

OPINION BY KELLER, P. J., July 13, 1939:

The order appealed from in this case must be reversed on the binding authority[1] of *Bradwell v. Pittsburgh & W. E. Pass. Ry. Co.,* 139 Pa. 404, 20 A. 1046, which has never been reversed or modified by our Supreme Court.

Charlotte Lemon, the appellant, and Charles Lemon, her husband, brought this action in trespass against the defendant, to recover the damages sustained by them, respectively, because of injuries to the wife plaintiff, who, while walking across State Street at the intersection of Shaw Avenue, in the City of Clairton, was knocked down by defendant's automobile, negligently operated by him. The woman was seriously injured. She was knocked unconscious and suffered a concus-

---

[1] "Upon any question whatever before the said [Superior] Court the decision of the Supreme Court shall be received and followed as of binding authority:" Act of June 24, 1895, P. L. 212, sec. 10, p. 220,

sion of the brain; was in the McKeesport Hospital for twenty-five days, from January 18 to February 13, 1937; suffered blood emission through the nose and mouth for ten days, which her doctors testified came from contusions of her chest wall; suffered brush burns and lacerations of the arms and legs and a deep laceration of the right elbow at the elbow joint, and a strain of the muscles of the dorsal and lumbar region of her back, causing pain there. On her return home from the hospital she was largely confined to her bed for fourteen weeks, and one of her physicians testified that she suffered a permanent impairment to the musculo-spiral nerve in the right arm at the elbow, with a loss of fifty per cent function in that arm, which had not improved by the time of the trial, a year and a half later. The hospital and doctor bills, for which the husband was chargeable, amounted to $407.50, and he was put to considerable additional expense, beside the loss of his wife's services.

The jury returned verdicts for the plaintiffs—$160 for the wife and $270 for the husband—thus establishing a finding that the defendant was guilty of negligence and the plaintiff free of contributory negligence.

The plaintiffs moved for a new trial on the ground of the inadequacy of the verdicts.

In its opinion the court misunderstood or misapplied the testimony as to the wife plaintiff's injuries, for it stated that she was in the hospital five days, when the evidence was that she was there twenty-five days. It went on to say: "This is a case, however, where we feel that we are justified in increasing the amount of the verdict rather than putting the parties and the court to the expense of a re-trial. After carefully reviewing the testimony, it is our opinion that the verdict [2] should be increased from $430 to $700," and

[2] The Act of May 8, 1895, P. L. 54, which provides for the bringing of one action in the name of husband and wife, directs that separate verdicts shall be rendered, and separate judgments entered.

entered the following order: "And now, to wit, November 23, 1938, new trial refused, provided defendant will file, within ten days, a stipulation agreeing to pay to Charlotte Lemon the sum of Two Hundred Dollars, and to Charles Lemon, her husband, the sum of Five Hundred Dollars, in lieu of the verdict; otherwise, new trial granted." The defendant filed a stipulation in accordance with the court's order and judgments were entered accordingly.

The order established a finding by the court below, —even with its misconception as to the plaintiff's stay in the hospital—, that both verdicts were inadequate. It should have granted a new trial. The wife plaintiff appealed to this court. The husband did not appeal. The judgment in his favor is final: *Betts v. Y. M. C. A.,* 88 Pa. Superior Ct. 568.

In the case of *Bradwell v. Pittsburgh & W. E. Pass. Ry. Co.,* supra,— also an action in trespass for personal injuries—, the verdict of the jury was for the plaintiff for six and one-fourth cents. On a rule for new trial for inadequacy of the verdict, the court below said: "A new trial in this case might result in a clear verdict for the defendant, or a verdict for a very large sum for plaintiff. It is a fair case for a compromise. Under the admitted facts and circumstances, I think the defendant company can well afford to pay the plaintiff four hundred dollars, and he should be satisfied with that sum. I suggest that compromise, and make the following order to enable the parties to carry it out: And now, June 19, 1890, it is ordered that if the defendant company, within thirty days from this date, shall pay the plaintiff four hundred dollars, with costs of this case, then new trial is refused; otherwise new trial will be granted."

The plaintiff refused to accept $400, and judgment was entered on the verdict. Plaintiff appealed. The Supreme Court, speaking through Mr. Justice STERRETT, said: "In view of the uncontradicted evidence as to the

serious nature of plaintiff's injuries, his actual outlay for surgical attendance, loss of earning power, etc., the verdict of six and one fourth cents in his favor was a mere travesty of justice that could not be condoned by the provisional order for a new trial which the plaintiff refused to accept. In finding for plaintiff, the jury must have reached the conclusion that his injuries were caused by the defendant company's negligence, and that he himself was not guilty of any negligence contributing thereto. Under these circumstances, he was entitled, as matter of right, to have the *jury* pass fairly on the question of damages, and by their verdict award him such sum as, under the evidence, he was entitled to." (Italics supplied).

It is well settled practice in this Commonwealth that where the jury, in an action of trespass for personal injuries, such as this, renders a verdict which the trial court deems palpably or grossly excessive or exorbitant, it may make a conditional order refusing to grant a new trial if plaintiff files a remittitur in court of the excess portion of the verdict. In such event, provided the result is conscionable, defendant cannot complain if plaintiff files the remittitur and a new trial is thereupon refused. In *Culver v. Lehigh Valley Traction Co.*, 322 Pa. 503, 511, 512, 186 A. 70, the Supreme Court approved such practice, and said that the court below should, in the first instance, determine the amount of the remittitur to be filed. See also, *Ralston v. Phila. R. T. Co.*, 267 Pa. 278, p. 284, 110 A. 336.[3]

---

[3] The practice was followed, without dissent from the Supreme Court, in the following cases, taken at random from recent State Reports: *May v. Baron*, 329 Pa. 65, 196 A. 866; *Stark v. Rowley*, 323 Pa. 522, 528, 187 A. 509; *Tibbetts v. Prudential Insurance Co.*, 313 Pa. 310, 315, 169 A. 382; *Gerdes v. Booth & Flinn, Ltd.*, 300 Pa. 586, 592, 150 A. 483; *Clarkson v. Crawford*, 285 Pa. 299, 132 A. 350; *Robb v. Niles-Bement-Pond Co.*, 269 Pa. 298, 302, 112 A. 459; *Cox v. P. R. R.*, 240 Pa. 27, 35, 87 A. 581. See the interesting note, Correction of Damage Verdicts in Pennsylvania, in 87 University of Pennsylvania Law Review 980, (June, 1939).

The Court below ﹐disregarding or overlooking the decision in the Bradwell case, was of opinion that by analogy, or as a corollary, to the practice thus established as respects excessive verdicts, it could likewise enter a conditional order refusing to grant ﹐a new trial, where the verdict of the jury was grossly inadequate, if the defendant filed in court a stipulation agreeing that the verdict might be increased to an amount deemed adequate by the court, whether or not the successful plaintiff consented to such action. It overlooked the distinction between the function of the jury in the two instances. Where the verdict is grossly excessive and the *plaintiff* consents to its reduction to a conscionable figure, the jury awarded that amount as well as an additional amount deemed excessive by the court; but where the verdict is grossly inadequate and the *defendant,* without the consent of the plaintiff being asked or given, is permitted to escape the grant of a new trial by filing a stipulation agreeing that the verdict may be increased to an amount deemed adequate by the court, the jury has not returned a verdict for the amount so fixed, but an increased amount has been *substituted for the verdict of the jury.*

The point was considered by the Supreme Court of the United States in *Dimick v. Schiedt,* 293 U. S. 474, where the circumstances were very similar to this case. There, the plaintiff in an action for personal injuries recovered a verdict for $500 in the federal district court. Plaintiff moved for a new trial on the ground, inter alia, that the verdict was inadequate. The trial judge ordered a new trial on that ground, unless defendant would consent to an increase of damages to the sum of $1500. Plaintiff's consent was neither asked nor given. Defendant consented to the increase and a denial of the motion for a new trial followed. Plaintiff appealed to the circuit court of appeals, which reversed the judgment on the ground that the conditional order violated the

seventh amendment to the Federal Constitution.[4] De-
fendant obtained a certiorari from the Supreme Court
of the United States, which affirmed the judgment, say-
ing, in the opinion by Mr. Justice SUTHERLAND: "Where
the verdict returned by a jury is palpably and grossly
inadequate or excessive, it should not be permitted to
stand; but, in that event, both parties remain entitled,
as they were entitled in the first instance, to have a
jury properly determine the question of liability and
the extent of the injury by an assessment of damages.
Both are questions of fact. Where the verdict is exces-
sive, the practice of substituting a remission of the
excess for a new trial is not without plausible support
in the view that what remains is included in the verdict
along with the unlawful excess—in that sense that it
has been found by the jury—and that the remittitur
has the effect of merely lopping off an excrescence. But
where the verdict is too small, an increase by the court
is a bald addition of something which in no sense can
be said to be included in the verdict. When, therefore,
the trial court here found that the damages awarded
by the jury were so inadequate as to entitle plaintiff
to a new trial, how can it be held, with any semblance
of reason, that that court, with the consent of the de-
fendant only, may, by assessing an additional amount
of damages, bring the constitutional right of the plain-
tiff to a jury trial to an end in respect of a matter of
fact which no jury has ever passed upon either explicitly
or by implication? To so hold is obviously to compel
the plaintiff to forego his constitutional right to the
verdict of a jury and accept 'an assessment partly made

---

[4] "In suits at common law, where the value in controversy shall
exceed twenty dollars, the right of trial by jury shall be preserved,
and no fact tried by a jury shall be otherwise re-examined in any
Court of the United States, than according to the rules of the
common law."

Art. I, sec. 6, of our State Constitution provides: "Trial by
jury shall be as heretofore and the right thereof remain inviolate."

by a jury which has acted improperly, and partly by a tribunal which has no power to assess' " (pp. 486-7).

There is another matter—a practical one—which is also involved. In an order refusing a new trial for an excessive verdict, provided a remittitur is filed of the verdict in excess of a fair and reasonable amount, as determined by the trial court, it is the plaintiff, who was successful on the trial, and whose freedom from contributory negligence was established by the jury, who is given the option of deciding whether he will accept a reduction of the verdict of the jury or insist on a new trial. But where a new trial is refused, conditioned on the defendant agreeing to pay the plaintiff a sum in excess of the verdict of the jury, it is the *losing, negligent defendant* who has the option of deciding whether a new trial shall be granted or an increased amount be *substituted for the verdict of the jury.*

In view of the pronouncement of our own Supreme Court on the subject, we deem it unnecessary to discuss decisions from other state courts, or from the lower courts of this Commonwealth in conflict therewith.

The judgment in favor of the plaintiff Charlotte Lemon is reversed and a new trial is awarded her.