## Raymond L. J. Riling, Inc., Appellant, *v.* Schuck et ux.

Argued November 25, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Samuel E. Kratzok,* for appellant.

*Harry Norman Ball,* for appellees.

OPINION BY MR. JUSTICE DREW, January 4, 1943:

This is an action in assumpsit to recover a balance alleged to be due on a parol agreement for alterations and improvements made by plaintiff corporation to defendants' residence. The jury returned a verdict for defendants. Plaintiff then moved for a new trial and the learned court below ordered that, upon payment of two hundred and fifty dollars within thirty days by defendants to plaintiff, the motion for a new trial would be discharged, otherwise it would be granted. Plaintiff refused to accept defendants' tender of the money whereupon the court ordered the motion for a new trial discharged, and plaintiff took this appeal.

It is necessary that a new trial be granted. In *Lehr v. Brodbeck,* 192 Pa. 535, the plaintiff sued for the value of certain goods and the verdict, as in the instant case, was for defendant. On plaintiff's motion for a new trial, the court ordered that if defendant tendered plaintiff a certain amount in satisfaction of the latter's claims, the motion would be discharged. Plaintiff refused the tender, and the court discharged her motion for a new trial and entered judgment for defendant. In reversing the judgment and ordering a new trial, we said [pp. 540-1]: "The plaintiff claimed that the value of her goods, wrongfully seized and sold, even under the law as held by the court, was $335. And whether this was the value or not, she had offered evidence tending to establish it as the value. As a suitor, under the law, she had a right to the opinion of the jury on the evidence; and the court at the trial thought so too. It, however, now directs her arbitrarily to strike from her claim $85.00, and as a penalty for refusal, in effect, says she shall have nothing and pay the costs. Under all the rules regulating the practice of courts, she was entitled

to a new trial, when the jury, either ignorantly or contumaciously refused to obey the law as directed by the court; but where is the authority in precedent or reason for arbitrarily deducting from what she insists is an honest claim, $85.00? The court does not say take $250 or a new trial, for she has no verdict; but it says, take $250 or nothing, and pay the costs, in the face of its own opinion at the trial that she was in law entitled to the value of her goods wrongfully seized for her brother's debt . . . Penalties should not be imposed upon suitors which shut them off from the appeals allowed them by law."

A court does not have power to add to a verdict it deems inadequate in order to avoid granting a new trial. *Bradwell v. Railway Co.*, 139 Pa. 404. The reason for this is obvious, for, as pointed out by President Judge KELLER in *Lemon v. Campbell*, 136 Pa. Superior Ct. 370, 375: " . . . where the verdict is grossly inadequate and the *defendant*, without the consent of the plaintiff being asked or given, is permitted to escape the grant of a new trial by filing a stipulation agreeing that the verdict may be increased to an amount deemed adequate by the court, the jury has not returned a verdict for the amount so fixed, but an increased amount has been *substituted for the verdict of the jury.*" In the instant case, as in *Lehr v. Brodbeck*, supra, the court below went even further in that it set aside the verdict of the jury and put in its stead its own.

Furthermore, the provisional order for a new trial established a finding by the court below that the verdict for defendants was against the evidence. A careful examination of the record shows clearly the correctness of this finding. Under the circumstances, we are forced to say that the court below abused its discretion in refusing to grant a new trial and, therefore, its order discharging plaintiff's motion must be reversed and a new trial granted.

Order reversed with a venire facias de novo.