637 A.2d 1017

Brian DOUGHERTY,

v.

David McLAUGHLIN, Appellant.

Brian DOUGHERTY, Appellant,

v.

David McLAUGHLIN.

Superior Court of Pennsylvania.

Argued Dec. 2, 1993.

Filed Feb. 17, 1994.

130

Thomas F. Weis, Pittsburgh, for McLaughlin.

Greg T. Kinskey, Pittsburgh, for Dougherty.

Before ROWLEY, President Judge, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

In this case, we are asked to determine whether the trial court properly granted Brian Dougherty's motion for additur, increasing the jury's damage award, when the trial court determined that the jury's verdict was inadequate. Since we conclude that, where a jury renders an inadequate verdict, the proper remedy is the grant of a new trial, we vacate and remand this matter for a new trial.

Dougherty commenced this action against David McLaughlin to recover damages for personal injuries resulting from an automobile accident. The jury rendered a verdict in favor of Dougherty. He filed post-trial motions requesting additur to the damages awarded or, alternatively, a new trial. The trial court granted Dougherty's motion for additur, but denied his motion for a new trial. The court then entered judgment

which reflected the increased damages awarded. Both parties appealed.

The trial court summarized the facts as follows:

On January 25, 1990, defendant, David McLaughlin (McLaughlin), was operating his 1986 Ford Escort, in which plaintiff, Brian Dougherty (Dougherty), was a front seat passenger. At approximately 3:30 a.m., [McLaughlin] lost control of the vehicle and collided with a tree, injuring all three occupants of the automobile.

Police Officer John Mackey arrived at the scene approximately ten minutes after the accident and had the victims transported by ambulance to St. Clair Hospital. Officer Mackey testified that all three smelled of alcohol; a blood alcohol test taken at the hospital revealed that [McLaughlin] had a .21 blood alcohol level.

On March 3, 1990, [Dougherty] filed a complaint in civil action alleging [McLaughlin]'s negligent operation of his vehicle caused [Dougherty] to sustain serious injuries and damages. A four day jury trial was held beginning November 13, 1992.

[Dougherty] presented uncontradicted medical evidence that his two days hospitalization included treatment for injuries to the face, neck and head resulting in permanent scarring and nerve damage, a fractured rib, whiplash, a concussion, and torn shoulder ligaments. Initial surgery consisted of debridement of lacerations and injections at the wound sites, followed by trimming of the skin tissue. Three additional scar revisions were performed on [Dougherty] in an attempt to make the scars appear less obvious.

The jury returned a verdict in favor of [Dougherty] in the amount of $3,279, awarding damages solely for the cost of unreimbursed hospital care, thereby excluding damages for pain and suffering. Pursuant to 42 Pa.C.S. setion [sic] 8553, the court molded the award to $1,836.24 to reflect the jury's assignment of 44% comparative negligence to [Dougherty]. [Dougherty]'s post-trial motion was granted, increasing the award to $43,279.00 in order to compensate [Dougherty] for

pain and suffering, inconvenience, embarrassment and disfigurement. The verdict was molded, and judgment was entered for [Dougherty] in the amount of $24,236.24.

Trial Court Opinion, dated July 8, 1993, at 1–2.

McLaughlin filed an appeal. Dougherty filed a cross appeal. McLaughlin contends that the trial court's use of additur denied him his constitutional right to a jury trial. Dougherty maintains that the trial court properly granted his request for additur. Alternatively, Dougherty contends that if we find the trial court's use of additur improper, the trial court erred in denying his motion for a new trial where uncontroverted evidence of pain, suffering, inconvenience, embarrassment and permanent scarring was presented and the jury only awarded medical expenses. In addition, Dougherty argues that the trial court erred in: (1) refusing to charge on punitive damages; (2) allowing the issue of comparative negligence to go to the jury; (3) failing to direct a verdict in favor of Dougherty; (4) admitting evidence of the group's alcohol consumption; and, (5) admitting the testimony of McLaughlin's economic expert.

We must first determine if the trial court properly granted Dougherty's motion for additur. Previously, when faced with a question of the propriety of additur, our supreme court stated that "[a] court does not have power to add to a verdict it deems inadequate in order to avoid granting a new trial." *R.L.J. Riling, Inc., v. Schuck et ux.*, 346 Pa. 169, 171, 29 A.2d 693, 694 (1943). The *Schuck* court relied upon the reasoning of this Court in *Lemon v. Campbell*, 136 Pa.Super. 370, 375, 7 A.2d 643, 645 (1939), in which we explained the effect of additur. By granting additur, the trial court sets aside the jury's verdict and renders its own verdict. *Lemon, supra.*

McLaughlin claims that the trial court erred in granting additur. However, Dougherty maintains that the grant of additur was proper, citing *Gaspero v. Gentile,* 160 Pa.Super. 276, 50 A.2d 754 (1947). While *Gaspero* does say that a court may revise a verdict upward, we find it to be inapposite. In

*Gaspero,* the plaintiff issued his writ of replevin, filing an affidavit of value stating the goods were worth $500. Following trial, the jury rendered a verdict in favor of the defendant, but awarded damages of only $239. The defendant appealed. On appeal, this Court held that the plaintiff was bound by his affidavit of value. Therefore, in the event of a verdict for the defendant on the right of possession, the jury was required to fix the defendant's damages at $500. Accordingly, we increased the defendant's damages to $500 and entered judgment.

Here, the jury was not required to fix Dougherty's damages at a set amount. Damages were disputed. Therefore, *Gaspero* does not support the trial court's grant of additur.

In this case, the trial court determined that the jury's verdict was inadequate. By granting additur, the trial court substituted an increased damage award for the verdict of the jury. *See Lemon, supra.* We find that the trial court was without authority to grant additur to remedy the inadequacy of the jury's verdict. Therefore, we vacate the judgment entered which reflected the grant of additur.

Next, we focus upon Dougherty's claim on cross appeal that in the event this Court finds the trial court's grant of additur improper, the trial court erred in denying his motion for a new trial based on the jury's failure to award him damages for his pain, suffering, inconvenience, embarrassment, and permanent scarring. Whether a new trial should be granted on the grounds of inadequacy of damages is a matter within the trial court's discretion. *Krivijanski v. Union R. Co.,* 357 Pa.Super. 196, 515 A.2d 933 (1986). The purpose of appellate review is to determine if the trial court abused its discretion. *Id.*

In *Morris v. Peckyno,* 202 Pa.Super. 490, 492, 198 A.2d 396, 397 (1964), this Court, quoting 15 Am.Jur., Damages, § 231, stated:

As a rule, a verdict in an action for a personal tort may be set aside as inadequate when, and only when, it is so inadequate as to indicate passion, prejudice, partiality, or

corruption, *or that the jury disregarded the instructions of the court, or in some instances, where there was a vital misapprehension or mistake on the part of the jury,* or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff, or, according to some of the cases, where, otherwise, there has been an evident failure of justice to the plaintiff, or where the award is so inadequate that it should not be permitted to stand. Generally, a verdict will not be disturbed merely on account of the smallness of the damages awarded or because the reviewing court would have awarded more. [Emphasis added].

*Morris* has been cited with approval in *Bortner v. Gladfelter*, 302 Pa.Super. 492, 448 A.2d 1386 (1982).

Tort victims must be compensated for all that they lose and all that they suffer. *Boggavarapu v. Ponist*, 518 Pa. 162, 542 A.2d 516 (1988). Where a jury awards a plaintiff his medical expenses, they make a finding that the expenses were related to the defendant's actions in injuring the plaintiff. *Catalano v. Bujak*, 148 Pa.Cmwlth. 269, 611 A.2d 314 (1992), *alloc. granted*, 534 Pa. 642, 626 A.2d 1159 (1993). However, by not awarding any pain and suffering, the jury also makes a finding that the plaintiff did not suffer as a result of his injuries and subsequent surgery. *Id.* Such findings are inherently inconsistent. *Id.*

Here, the trial court properly instructed the jurors that if they found McLaughlin to be liable to Dougherty, they must compensate Dougherty for all physical and financial injury sustained as a result of the accident. N.T., November 13–16, 1992, at 246. Further, the court listed the items that must be included in the determination of damages, including pain, suffering, embarrassment, and disfigurement. *Id.* at 247.

The nature of Dougherty's injuries indicate at least some pain and suffering. The jury's failure to award any damages for pain and suffering is clearly inconsistent with its award of medical expenses *alone* and resulted in an inadequate verdict. The trial court recognized that the jurors had disregarded or

misapprehended the court's instructions. *See* Trial Court Opinion, *supra* at 4–5. In an attempt to remedy the inadequate verdict, the court granted Dougherty's motion for additur, though it denied his motion for a new trial. As we concluded above, the court had no authority to grant additur. Consequently, we are constrained to conclude that a new trial is necessary and that it was an abuse of discretion for the trial court to refuse to grant a new trial where, after disregarding court instructions, the jury renders an inadequate verdict.

In view of our disposition, we deem it unnecessary to address the remaining issues which Dougherty raises in his cross appeal.

Accordingly, the judgment entered is vacated, and the action is remanded for a new trial.