**Long  v.  City  of  Scranton**

C.P. of Lackawanna County, no. 91-CIV-2281.

*Thomas J. Foley III,* for plaintiff.
*David E. Heisler,* for defendant.

CORBETT, *J.,* August 7, 1998—Before the court is plaintiff's motion for new trial. Plaintiff is Thomas Long Sr. Defendant is the City of Scranton. Oral argument was heard before this court on July 21, 1998. Briefs have been submitted and the matter is now ripe for disposition.

Plaintiff brought suit on April 18, 1991, for injuries he received when he was struck by one of defendant's police cruisers driven by Police Officer Kenneth Morgan. On May 10, 1989, plaintiff was struck while crossing the street near the intersection of Luzerne Street and 9th Avenue in the City of Scranton. Plaintiff suffered numerous injuries as a result of the accident, including a severely broken leg. Plaintiff received emergency care treatment from Community Medical Center Hospital where he came under the care of orthopedic surgeon Edwin S. Malloy M.D. Dr. Malloy performed a series of surgeries on plaintiff's right leg.

The case was tried before a jury between October 7 and October 9, 1996, the Honorable Judge Eagen presiding. Following the trial, the jury returned a verdict in plaintiff's favor awarding him damages of $34,282.35. The special interrogatory verdict form reflects that the jury awarded $24,282.35 for past and present medical expenses and $10,000 for past, present and future lost earnings and lost earning capacity. The jury found defendant 51 percent negligent and plaintiff 49 percent contributorily negligent. Accordingly, on October 25, 1996, the court entered an order molding the verdict to $14,348.35.

## DISCUSSION

Plaintiff seeks a new trial, limited to damages only, on the grounds that the jury verdict is against the great weight of the evidence such that it should shock the conscience of this court. Plaintiff argues that the jury award of solely economic damages reflects an inadequate verdict in light of uncontroverted evidence that plaintiff suffered a broken leg and underwent several surgeries. Also, plaintiff contends that the evidence of the pain he experienced was uncontradicted and corroborated by defendant's expert witness. Moreover, plaintiff contends that the jury's failure to award noneconomic damages defies common sense in light of the fact that the jury awarded damages for plaintiff's past and present medical expenses and past and present lost wages. Finally, plaintiff posits that the issue of liability was fairly determined, and a new trial should be granted on the issue of damages only.

On the other hand, defendant claims that the jury award reflects a permissible compromise verdict and should not be disturbed. Defendant argues the jury obviously disbelieved plaintiff's evidence regarding his pain and suffering and the verdict reflects the jury's attempt to compensate plaintiff for at least some of his injuries. Accordingly, defendant asserts that the verdict must stand.

Alternatively, defendant argues that should this court determine a new trial is warranted, then it must be as to all issues because both liability and damages were hotly contested at trial.

## DISCUSSION

It is well settled in Pennsylvania that the granting of a new trial on the grounds of inadequacy of damages is a matter within the sound discretion of the trial court. *Dougherty v. McLaughlin,* 432 Pa. Super. 129, 133,

637 A.2d 1017, 1019 (1994). "A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it 'shocks one's sense of justice.'" *Neison v. Hines,* 539 Pa. 516, 520, 653 A.2d 634, 636 (1995); see also, *Kiser v. Schulte,* 538 Pa. 219, 226, 648 A.2d 1, 4 (1994).

A verdict may be set aside "when, and only when, it is so inadequate as to indicate passion, prejudice, partiality, or corruption . . . *or where it clearly appears from [the] uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff . . . ." Dougherty, supra* at 133-34, 637 A.2d at 1019. (emphasis added) Moreover, victims must be compensated for all that they lose and all that they suffer from the tort of another. *Neison,* at 523, 653 A.2d at 638; *Boggavarapu v. Ponist,* 518 Pa. 162, 167, 542 A.2d 516, 518 (1988).

In *Dougherty,* the plaintiff sought recovery for injuries he received from an accident while riding as a passenger in defendant's car. At trial, plaintiff introduced uncontradicted medical evidence with respect to his hospitalization and subsequent surgeries to treat his wounds and correct the resulting scar tissue. The jury returned a verdict in favor of plaintiff and awarded damages solely for unreimbursed medical expenses and zero damages for pain and suffering. The trial court granted plaintiff's post-trial motion for additur, thereby increasing the jury's damage award to include compensation for pain and suffering. Both parties appealed.

On appeal, the Superior Court held that the trial court committed error in granting additur to adjust the jury's damage award where it determined the verdict was inadequate. *Dougherty* at 134, 637 A.2d at 1020. In reversing the trial court, the Superior Court held that the proper remedy is to grant a new trial where it determines that the jury's damage award is inadequate. *Id.* at 135, 637 A.2d at 1020. In determining whether

a jury award is inadequate, the court reasoned, "[w]here a jury awards a plaintiff his medical expenses, they make a finding that the expenses were related to defendant's actions in injuring plaintiff. *Catalano v. Bujak,* 148 Pa. Commw. 269, 611 A.2d 314 (1992), *alloc. granted,* 534 Pa. 642, 626 A.2d 1159 (1993). However, by not awarding any pain and suffering, the jury also makes a finding that the plaintiff did not suffer as a result of his injuries and subsequent surgery. *Id.* Such findings are inherently inconsistent." *Id.* at 134, 637 A.2d at 1020.

There, the Superior Court held that the trial court properly instructed the jurors that if they found the defendant liable to plaintiff, then they must compensate plaintiff for all injuries sustained as a result of the accident. *Id.* The fact that the jury awarded damages for medical expenses and not for pain and suffering was clearly inconsistent and therefore inadequate. *Id.* Accordingly, a new trial was ordered.

Similarly, in the present case, the trial court properly instructed the jury on the nature and type of compensable damages. The fact that the jury awarded plaintiff damages for his past and present medical expenses and past, present and future lost wages and lost earning capacity, while awarding zero damages for pain and suffering, is inherently inconsistent and inadequate.

Moreover, our Supreme Court has held that there are certain injuries which human experience teaches there is accompanying pain. *Boggavarapu* at 167, 542 A.2d at 519, citing *Todd v. Bercini,* 371 Pa. 605, 92 A.2d 538 (1952). "Those injuries are obvious in the most ordinary sense: the broken bone, the stretched muscle, twist of the skeletal system, injury to a nerve, organ or their function, and all the consequences of any injury traceable by medical science and common experience as sources of pain and suffering." *Id.*

In *Boggavarapu*, the plaintiff was injured when a neighbor's dog bit him. While being treated in the emergency room for the bite, plaintiff was administered two tetanus shots, which plaintiff claimed punctured his sciatic nerve. Plaintiff sued the owners of the dog, the hospital and the treating physicians. The jury returned a verdict exculpating the hospital and treating physicians and finding the dog owners solely responsible for plaintiff's injuries. The jury awarded plaintiff damages for the cost of the emergency room treatment only. The trial court awarded a new trial because the damage award did not include compensation for pain and suffering.

The Superior Court affirmed the lower court's grant of a new trial. However, on appeal, the Supreme Court reversed, noting that "[p]ain may be subjective, and if believed, is compensable." *Id.* The court went on to say that the jury is free to believe or not believe that subjective pain exists and whether that pain is compensable. *Id.* However, the jury may not disregard obvious injury. *Id.* The court concluded that Boggavarapu's pain was subjective and not "obvious injury." Thus, the jury's award was not inadequate and a new trial was not warranted.

This case is distinguishable. Here, plaintiff's injuries are obvious as defined by our Supreme Court. The evidence shows that plaintiff suffered a severely broken leg that required several surgical procedures and physical therapy to treat. In fact, defendant's own expert witness acknowledged that plaintiff would have experienced pain associated with his injuries, despite the fact that plaintiff had largely recovered when he examined plaintiff. Thus, the plaintiff's injuries were of such a nature that human experience and common sense teaches there is accompanying pain. Therefore, we find that the jury's award of damages for medical expenses and lost wages and zero damages for pain and suffering

is inherently inconsistent and inadequate. Accordingly, a new trial is warranted.

Having determined a new trial is warranted, the next issue we must address is the scope of the new trial. A new trial may be awarded solely on the issue of damages if the issue of liability has been fairly determined, and the question of damages is readily separable from the issue of liability. *Kiser v. Schulte,* 538 Pa. 219, 234, 648 A.2d 1, 8 (1994).

The Superior Court has held that "new trials may be limited to specific issues only when this procedure will be fair to both parties. . . . [A] lower court may grant a new trial, limited to the question of damages, *only* where (1) the question of liability is not intertwined with the question of damages, *and* (2) the issue of liability is either (a) not contested or (b) has been fairly determined so that no substantial complaint can be made with respect thereto." *Chiaverini v. Sewickley Valley Hospital,* 409 Pa. Super. 630, 636, 598 A.2d 1021,1024 (1991), quoting *Gagliano v. Ditzler,* 437 Pa. 230, 232-33, 263 A.2d 319, 320 (1970). (emphasis in original)

In *Nogowski v. Alemo-Hammad,* 456 Pa. Super. 750, 764, 691 A.2d 950, 957-58 (1997), the appellant sought a new trial limited to the issue of liability only. There, the court relied on *Chiaverini* and *Gagliano* in holding that a new trial could be granted as to a single issue as long as the issues of damages and liability are separable or one of the issues is uncontested. *Nogowski* at 765, 691 A.2d at 958.

In the case at bar, we find that the issue of liability was hotly contested at trial and that the extent of damages suffered by plaintiff is inseparably intertwined with liability. This conclusion is supported by the fact that the jury found plaintiff contributorily negligent for his own injuries. Thus, a new trial cannot be granted on damages only because it is clear that the issue of damages was inextricably intertwined with liability and we do not know which jury finding should be given effect.

Accordingly, a new trial will be granted as to all issues. An appropriate order follows.

## ORDER

Now, August 7, 1998, it is hereby ordered and decreed that plaintiff's motion for new trial is granted as to both liability and damages.