**Snyder v. Halsey**

C.P. of Montgomery County, no. 05-13134.

*Alfred J. Merlie*, for plaintiffs.

*Albert A. Griffith*, for defendant.

SILOW, *J.*, November 22, 2010 —Appellants, Jennifer and James Snyder, h/w ("appellants"), appeal from this court's order of September 7, 2010, denying their motion for a new trial. For the reasons set forth below, the September 7, 2010 order should be affirmed.

## FACTS AND PROCEDURAL HISTORY

This case involved a motor vehicle accident that occurred on May 10, 2003, when a vehicle operated by appellee, Amber Kay Halsey ("appellee"), rear-ended appellants' vehicle, allegedly causing appellant, Jennifer Snyder, injury.[1] Prior to trial, the parties stipulated that appellee was negligent and that Mrs. Snyder's out-of-pocket medical expenses were $14,134.31. After a two-day jury trial (consisting of eight jurors) that commenced on May 3, 2010, the jury found by a preponderance of the evidence that appellee's negligence was a factual cause of Mrs. Snyder's damages, and awarded Mrs. Snyder $14,134.31 to compensate her for her medical expenses. The jury declined to award Mrs. Snyder noneconomic damages. In addition, the jury did not award appellant, James Snyder, any damages for loss of consortium.

On May 10, 2010, appellants filed a motion for new trial, arguing that the jury's verdict was against the weight of the evidence. After a hearing, this court denied appellants' motion on September 7, 2010. On October 5, 2010, appellants noticed their appeal of this denial. On October 7, 2010, this court directed appellants to file a concise statement of errors complained of on appeal

---

1. Appellant, James Snyder, was driving. Mrs. Snyder was in the passenger's seat.

(the "concise statement") within twenty-one (21) days. appellants filed their timely concise statement on October 25, 2010.

## ISSUES

In their concise statement, appellants raise the following allegations of error against this court:

1.  Whether the trial court erred in denying appellants' motion for new trial on the question of damages for pain and suffering and loss of consortium?

2.  Whether the jury's verdict on the question of pain and suffering and loss of consortium were against the weight of the evidence?

## DISCUSSION

1 & 2. This court properly denied appellants' motion for new trial.[2]

A. *Standard of Review.*

Appellants' motion for new trial asserted that the jury's verdict of no noneconomic damages was against the weight of the evidence; appellants sought a new trial on the issue of damages only. "Trial courts have broad discretion to grant or deny a new trial." *Zelger v. Detweiler*, 835 A.2d 764, 767 (Pa. Super. 2003). When a challenge to a new trial is appealed, the proper standard of review is whether the trial court abused its discretion. *Harman ex rel. Harman v. Borah*, 562 Pa. 455, 466, 756 A.2d 1116, 1122 (Pa. 2000). "An appellate court may reverse the trial

---

2. Both of appellants' allegations of error deal with the same issue. Thus, for the sake of judicial economy, this court will address them together.

court's decision only if it finds no basis on the record to support the reasons offered by the trial court." *Zeiher*, 835 A.2d at 767.

"A new trial should be awarded on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Burrell v. Philadelphia Electric Co.*, 265 A.2d 516, 518 (Pa. 1970). "A new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion...Neither should it ordinarily be granted on the ground that the verdict was against the weight of the evidence where the evidence is conflicting and the jury might have found for either party." *Id* (citations omitted)

B. *Although the jury found that the motor vehicle accident was the factual cause of injury, the jury was not required to award Mrs. Snyder noneconomic damages.*

In the present case, the jury found that appellee's negligence (which was stipulated to) was the factual cause of Mrs. Snyder's injury. Additionally, both parties' experts agreed at trial that Mrs. Snyder sustained some injury as a result of the motor vehicle accident, although there remained a question as to the extent of such injury. The jury awarded Mrs. Snyder $14,134.31 to compensate her for the medical expenses she incurred out-of-pocket. Appellants contended that Pennsylvania law also mandated the jury to award Mrs. Snyder past, present or future noneconomic damages (pain and suffering, loss of enjoyment of life, and embarrassment and humiliation).

Where both parties' medical experts agree that an accident caused the plaintiff harm, a jury cannot find that the plaintiff did not suffer some injury. See *Andrews v. Jackson*, 800 A.2d 959 (Pa. Super. 2002). In *Andrews*, the parties' experts agreed that a car accident caused the plaintiff to suffer some injury. The jury in that case found the defendant negligent but did not find that the accident caused an injury, and therefore awarded the plaintiff no damages. The Superior Court ruled that the trial court's failure to grant a new trial was error.

The instant case, however, is distinguishable from cases such as *Andrews* in that this jury did find that appellee's negligent act was the factual cause of injury to Mrs. Snyder. This is what is required by Pennsylvania law. A jury is free to determine the amount of damages, if any, a plaintiff suffered. In this case, the jury found that Mrs. Snyder should be compensated for her out-of-pocket medical expenses but found, based upon the evidence at trial, that her injury was not severe enough for her to have incurred noneconomic damages such as pain and suffering, loss of life's pleasures, and embarrassment and humiliation.

A jury that finds causation is not required to award noneconomic damages in every case. In *Davis v. Mullen*, 565 Pa. 386, 773 A.2d 764 (Pa. 2001), the Pennsylvania Supreme Court held that the jury's award of medical expenses without a corresponding award of damages for pain and suffering was not necessarily inconsistent.[3] Rather, a jury's verdict of medical expenses only "should not be

---

3. This nullified the prior rule set forth by *Dougherty v. McLaughlin*, 637 A.2d 1017 (Pa. Super. 1994), that mandated a new trial where a jury made findings that a plaintiff be awarded medical expenses but not noneconomic damages.

disturbed where there is reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain and suffering, or (2) that a preexisting condition or Injury was the sole cause of the alleged pain and suffering." *Id.* at 767. In the instant case, there was plentiful evidence for the jury to reasonably find the existence of one or both of these options, as is discussed infra. Additionally, it should be noted that "[j]uries are not to be faulted...if they do not believe all they are told and all that common experience does not accept. That is not to say they may disregard an obvious injury. It is, however, to say that they are not obliged that every injury causes pain or the pain alleged." *Id.* (citations omitted)

C. *Ample evidence was presented at trial to support the jury's finding that Mrs. Snyder's injury was not severe enough to award noneconomic damages.*

The testimony at trial demonstrated that the contact between appellants' and appellee's vehicles was minimal at best. Mrs. Snyder testified that appellants' car was stopped at a red light when appellee's vehicle impacted it from behind. She stated that it was not a "very hard hit", although it was enough to lock her seatbelt. Mrs. Snyder admitted that her young son, who was sleeping in the backseat, did not wake up as a result of the impact. Photographs of appellants' car showed a white mark on the rear bumper but no other damage. This was confirmed by Mrs. Snyder when she exited the vehicle to inspect the scene. Appellants made no repairs to their car. Also, appellee testified that she had been traveling very slowly when she impacted appellants' vehicle, which corresponds with the lack of damage to plaintiffs' car.[4]

---

4. This is distinct from the two cases appellants cited in their brief in

Although Mrs. Snyder stated that she felt nauseous immediately after the accident, she declined the responding officer's offer to call an ambulance and went home instead. The next morning, a Sunday, she said that she woke sore and stiff and did not go to church. That Monday she went to see her regular chiropractor, Dr. Digles. At her deposition, which was introduced at trial, Mrs. Snyder testified that she was not sure if her headaches were a result of the accident, as she had a history of headaches, neck and back pain since college for which Dr. Digles had been treating her. The instant May 2003 motor vehicle accident was Mrs. Snyder's fourth; her previous ones occurred in 1991, 1994 and 1997. She claimed to have experienced "whiplash-like" injuries as a result of all of these accidents. After her first accident in 1991, she had constant hip and mid-back pain, as well as headaches. Although Mrs. Snyder complained of on-going pain after the 2003 accident, she had been under active treatment for the same conditions prior to the accident. Although she continued seeing her chiropractor after the accident, Mrs. Snyder did not visit any other doctor for treatment of these injuries until three and a half years had passed.

There was an incident in on July 30, 2003 (subsequent to the motor vehicle accident at issue) where Mrs. Snyder claimed she felt dizzy and fell down some stairs, injuring her foot. However, her treating physician's medical records revealed the doctor's conclusion that the cause of Mrs. Snyder's fall was not dizziness, but rather that she tripped. Also, her chiropractor Dr. Digles wrote on August

support of their motion: *Burnhauser v. Bumbenter*, 745 A.2d 1256 (Pa. Super. 2000), and *Marsh v. Haniey*, 856 A.2d 138 (Pa. Super. 2004), both of which involved very serious vehicle collisions.

1, 2003 that Mrs. Snyder responded excellently to her care until an exacerbation of her symptoms caused by the July 30, 2003 fall.

In viewing this evidence, the jury's verdict to compensate Mrs. Snyder for her medical expenses only was reasonable and did not rise to the required standard of "shocking the sense of justice" to warrant a new trial. Accordingly, this court properly denied appellants' motion.

D. *The jury was not required to award Mr. Snyder damages for loss of consortium.*

Mr. Snyder's loss of consortium claim is a derivative of Mrs. Snyder's underlying claim. See e.g. *City of Philadelphia v. Buck*, 587 A.2d 875 (Pa. Cmwlth. 1991). Since the jury determined that Mrs. Snyder's injury was not severe enough to warrant noneconomic damages, the jury's verdict against Mr. Snyder on his claim for loss of consortium logically flowed.

## CONCLUSION

Based upon the foregoing, this court respectfully requests that the Superior Court affirm the September 7, 2010 order, denying appellants' motion for new trial.