529 A.2d 29

**Barry and Sonja KUPPEL, Robert Musser and Lawrence H. Weaver**

**v.**

**Lester AUMAN, Appellant.**

**Appeal of Richard AUMAN.**

Superior Court of Pennsylvania.

Argued June 9, 1987.

Filed Aug. 7, 1987.

Robert D. O'Connor, Jr., Lock Haven, for appellant.
James N. Bryant, State College, for appellees.

Before CIRILLO, President Judge, and OLSZEWSKI and HESTER, JJ.

CIRILLO, President Judge:

This is an appeal of an order of the Court of Common Pleas of Centre County denying appellant Richard Auman's

petition to vacate court orders issued on November 4, 1983 and October 30, 1984. We reverse and remand.

Plaintiff-appellees filed a suit in equity against defendant-appellant's father, seeking a right-of-way across appellant's land. The trial court entered a decree nisi on September 21, 1982, stating that a right-of-way was to be established in accordance with the agreement of the parties. On December 13, 1982, the trial court entered an order defining the right-of-way as an existing road across appellant's property. On December 20, 1982, the appellant filed exceptions. On January 4, 1983, a suggestion of death was filed, and appellant's son Richard Auman, was substituted.

On November 4, 1983, the court issued a further order giving the plaintiff the right of ingress, egress and regress over the lands in question. Exceptions were then filed to this order. On January 19, 1984, the exceptions were dismissed. On October 30, 1984, pursuant to a petition for contempt filed by the plaintiffs, the court ordered appellant to remove all obstacles from the right of way granted to the plaintiffs. Appellant was also enjoined from any future obstruction of the right of way.

On December 6, 1984, appellant Auman praeciped for entry of judgment of the January 19, 1984 order dismissing his exceptions. Final judgment was entered on December 6 and Auman appealed to this court on December 21, 1984. On April 6, 1986, a panel of this court reversed and remanded, holding that the trial court's order was not supported by the record, 356 Pa.Super. 610, 512 A.2d 729.

Upon remand, at Auman's request, the trial court appointed a Board of View to determine the issue. Appellant then filed a petition to vacate the orders of November, 1983 and October, 1984 on the grounds that the Court of Common Pleas lacked subject matter jurisdiction to issue those orders. Auman claims that under the applicable statute, only a Board of View may resolve this matter. *See* 36 Pa.S. § 2731 *et seq.*

The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons,

associations, partnerships, stock companies, or corporations, for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway, or upon the petition of the chief executive officer of any executive or administrative department of the State Government for a road from any public highway across any lands of any person, association, or corporation to the boundary line of any lands owned, controlled, or administered by the Commonwealth, direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as is directed by the said act of thirteenth June, one thousand nine hundred and thirty-six. 1936, June 13, P.L. 551, § 11; 1901, April 4, P.L. 65, No. 32, § 1; 1927, April 28, P.L. 485, § 1.

The trial court denied the petition, stating that the Board of View must determine whether the right of way is necessary but the court has jurisdiction over other issues in the case. The court also stated that the orders in question were akin to preliminary injunctions.

■ Appellee claims that Auman may not appeal the denial of a petition to vacate as that is an interlocutory order. This is an erroneous statement. If the orders were preliminary injunctions as stated by the trial court, Auman's petition to vacate was actually a request to dissolve an injunction. Denial of such a request is appealable as of right. *See* Pa. R.A.P. 311(a)(4) (Interlocutory Appeals as of Right).

■ However, there is actually no order in effect. Auman filed exceptions to the November 4, 1983 order which were denied on January 19, 1984. Judgment was entered on this denial on December 6, 1984. It was this judgment which Auman appealed and which we reversed in our decision of April 6, 1986. When an appellate court reverses the decision of a trial court and remands for new proceedings, the cause is restored to the status it had before the proceedings began. *McGine v. State Mut. Ben. Soc.*, 135 Pa.Super. 35, 37, 4 A.2d 537, 538 (1939). The court order at issue

thereby became null and void. As of the date of the appellate decision, the trial court edict had no continuing effect. It was a nullity. It had no more force than a wisp of smoke dissipated in the air.

■ The October 30, 1984 contempt order was based on a violation of the order of November 4, 1983. Because the November order was extinguished by the superior court in April, 1986, the order of October 30 also has no further validity. It is impossible to hold someone in contempt of an order which does not exist.

■ Appellant did not have to request the trial court to vacate the orders. The superior court had already taken that action. A trial court has no authority to enforce an order in opposition to the direction of this court.[1]

Based on the foregoing, we reverse the decision of the Court of Common Pleas of Centre County and remand for further proceedings consistent with this opinion.

Reversed and remanded. Jurisdiction relinquished.

1. We do not suggest that the trial court in this case deliberately flouted our authority. The procedural posture of this matter is so confusing that we are more than willing to assume that the court was unable to discern what was appealed, what was reversed and what was still in effect.