568 A.2d 700

Richard L. CONNEEN, Township of Springfield and Board of Commissioners of Springfield Township, Appellants,

v.

SPEEDY MUFFLER KING, INC./BLOOR AUTOMOTIVE, INC., Appellee.

Richard L. CONNEEN, Township of Springfield and Board of Commissioners of Springfield Township, Appellants,

v.

SPEEDY MUFFLER KING, INC./BLOOR AUTOMOTIVE, INC., Appellee.

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1989.

Decided Nov. 30, 1989.

Reargument Denied Feb. 6, 1990.

Raymond J. Falzone, Jr., with him, Harry J. Bradley, Brooks, Bradley & Kenney, Media, for appellants.

Joseph A. Damico, Jr., with him, Denis M. Dunn, Petrikin, Wellman, Damico, Carney & Brown, Media, for appellee.

Before BARRY and SMITH, JJ., and BARBIERI, Senior Judge.

## OPINION

BARRY, Judge.

The Township of Springfield (Township), its Board of Commissioners and its Director of Code Enforcement, Richard Conneen appeal two orders of the Court of Common Pleas of Delaware County, which permitted Bloor Automotive, Inc. (Bloor), the successor in title to Speedy Muffler King, Inc., to use a structure as a non-conforming use.

In 1984, Speedy Muffler King, Inc. (Speedy) sought a dimensional variance from the Township's Zoning Hearing Board (Board) to construct a building to house its automobile related business. The Board granted the variance and various objectors appealed to the Court of Common Pleas of Delaware County; that court affirmed. The objectors took a timely appeal to this Court.

While the appeal was pending before us, two things occurred. First, Speedy obtained a building permit pursuant to the variance, erected the proposed structure and began using it in December of 1984. Second, the Township amended its zoning ordinance in June of 1985. Two sections are relevant to the present appeal. Section 143–9 of the amended ordinance defined a "nonconforming structure" as "[a] structure ... manifestly not designed to

comply with the applicable use provisions of this ordinance
..., where such structure lawfully existed prior to the
enactment of this ordinance...." Furthermore, Section
143–11(B) of the new ordinance provided, "All structures,
uses of structures and uses of land that do not conform to
the regulations of the district in which they are located
after the effective date of this ordinance, shall be regarded
as nonconforming...."

This Court, on August 30, 1985, reversed the common
pleas court, holding that the court had erred in affirming
the Board's grant of the variance. *Roth v. Zoning Hearing
Board of Springfield Township,* 91 Pa. Commonwealth Ct.
445, 497 A.2d 295 (1985). The Supreme Court denied
Speedy's petition for allowance of appeal.

In May of 1986, Speedy asked the Township's Code En-
forcement Officer to register the structure as nonconform-
ing. When that request was denied, Speedy filed a manda-
mus action to compel the enforcement officer to do so.
Sometime thereafter, Bloor bought the building. In April
of 1987, the Township filed a complaint in equity alleging
that the building was illegal and requesting that it be
ordered demolished. After Bloor filed its answer, the two
matters were consolidated and the parties filed cross-mo-
tions for summary judgment. The trial court held that the
building was a valid nonconforming use; the court granted
the relief requested in the mandamus and dismissed the
Township's complaint in equity. This appeal followed.

The Township argues, inter alia, that the trial court erred
in granting the writ of mandamus and in dismissing its
equity action. It argues that one who builds with a build-
ing permit issued pursuant to a variance before all timely
appeals are exhausted on the underlying variance does so at
his or her own risk. Bloor, on the other hand, argues that
as of the effective date of the new zoning ordinance, June
25, 1985, its building was "lawful" and, accordingly, was a
nonconforming use as defined in that ordinance. It also
asserts that our reversal of the variance is of no moment to
this analysis. Despite Bloor's various arguments, we can-
not believe that it is entitled to the benefit of the noncon-

fórming use provisions of the new ordinance. As we agree with the Township in this regard, we will reverse the trial court's order granting the writ of mandamus, vacate the order dismissing the equity action and remand for further proceedings on that matter.

■ Almost forty years ago, the Supreme Court was quite clear when it stated,

> When [the landowner], relying upon the variance granted ... purchaséd the premises ..., it knew or should have known that any one aggrieved by the action or order of the Board of Adjustment could appeal therefrom in 30 days to the Court of Common Pleas. *It therefore took whatever risks were involved if such an appeal were taken and were successful.*

*Silverco, Inc. v. Zoning Board of Adjustment,* 379 Pa. 497, 502, 109 A.2d 147, 150 (1954), (emphasis added). As this Court stated in *Calabrese v. Schneider,* 5 Pa. Commonwealth Ct. 444, 453, 291 A.2d 326, 331 (1972), "[O]ne who obtains a building permit and begins construction prior to expiration of the appeal period ordinarily proceeds at his own peril. *Cheltenham Township Appeal,* 413 Pa. 379, 196 A.2d 363 (1964); *Riccardi v. Plymouth Township Board of Adjustment,* 393 Pa. 337, 142 A.2d 289 (1958)...." In the present case, the landowner *proceeded to erect the building knowing full well that an appeal had been taken by the objectors.* While Bloor now argues that the failure of the objectors to request a supersedeas permitted it to build, we believe this is of no moment to the present controversy. *See Riccardi* (failure of an appellant to request a stay has no effect on the merits of the appeal).

Bloor acknowledges the validity of the "build at your own risk" rule and candidly states in its brief:

> There is no question that Speedy proceeded at its own risk prior to June 25, 1985, the effective date of the new Springfield Township Zoning Ordinance. Absent a superseding cause, i.e., the passage of the new Ordinance with the provision cited above, the building on the property would have been unlawful.

(Appellee's brief, pp. 25–26.)   Bloor goes on to argue that the new ordinance itself made its use nonconforming because it was "lawful" as of June 25, 1985.

At this point, we must resolve the question of what effect an appellate court's reversal has on the order reversed. The Township argues that the trial court's order is void ab initio while Bloor argues that it has effect until reversed by the appellate court.   Both parties rely upon the same case, *Kuppel v. Auman*, 365 Pa. Superior Ct. 175, 529 A.2d 29 (1987), as support for their position.   In that case, the plaintiff was granted a right of ingress or egress over the defendant's property by order of November 4, 1983.   That order was appealed.   In October of 1984, the defendant was held in contempt for failing to comply with the November, 1983 order.   Again, an appeal was taken by the defendant. In 1986, the Superior Court reversed the November, 1983 order.   When the appeal of the October, 1984 contempt order was decided by the Superior Court, it stated:

> When an appellate court reverses the decision of a trial court and remands for new proceedings, the cause is restored to the status it had before the proceedings began. . . . The court order at issue thereby became null and void.   As of the date of the appellate decision, the trial court edict had no continuing effect.   It is a nullity. It had no more force than a wisp of smoke dissipated in the air.
>
> The October 30, 1984 contempt order was based upon a violation of the order of November 4, 1983.   Because the November order was extinguished by the superior court in April, 1986, the order of October 30 also has no further validity.   It is impossible to hold someone in contempt of an order which does not exist.

*Id.*, 365 Pa.Superior Ct. at 178–79, 529 A.2d at 31 (citation omitted).   Bloor relies upon the portion of the quoted material that speaks of the "date of the appellate decision" while the Township relies upon the rest of the quoted language.

■   Rather than engage in an esoteric discussion of our perception of what is meant by *Kuppel*, or whether we

adopt the Superior Court's decision, let us simply say that considering all of the circumstances of the present case, we believe Bloor's argument that its building lawfully existed on June 25, 1985, because of the building permit issued pursuant to a variance which was reversed after that date, cannot be accepted. Accepting such an argument would essentially emasculate the "build at your own risk" rule. According to the stipulation entered into by the parties, the building permit was issued on one day and the objectors filed their appeal the following day. Speedy had full knowledge of the appeal before proceeding to build.

Bloor relies upon a number of cases for support of its proposition that the new ordinance granted it independent rights. We need not discuss any of those cases because the new ordinance required that the use be "lawful" to be nonconforming. Our prior discussion shows that the use was not "lawful" and the new ordinance, therefore, creates no independent rights. It is clear that the trial court erred in granting the writ of mandamus and requiring the Township to register the use as nonconforming. It was also error to dismiss the Township's equity action on a motion for summary judgment. However, Bloor in the equity action raised a number of defenses, including, inter alia, laches and unclean hands, which involve factual disputes so the matter must be remanded for a resolution of the complaint in equity.

## ORDER

### No. 655 C.D. 1989

NOW, November 30, 1989, the order of the Court of Common Pleas of Delaware County, dated March 7, 1989, at No. 86–9378, granting the writ of mandamus is reversed.

## ORDER

### No. 656 C.D. 1989

NOW, November 30, 1989, the order of the Court of Common Pleas of Delaware County, dated March 7, 1989, at

No. 87–10526, dismissing the Township's complaint in equity is vacated and the matter is remanded for further proceedings.

Jurisdiction relinquished.

SMITH, J., dissents.