J-S35019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAROLYN T. CAMPER | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| BRADLEY S. WERNER | | |
| Appellant | | No. 3179 EDA 2019 |

Appeal from the Order Entered September 5, 2019
In the Court of Common Pleas of Bucks County
Civil Division at No: A06-13-60988-D

BEFORE:  BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JULY 29, 2021**

Appellant, Bradley S. Werner ("Husband"), appeals three orders holding him in civil contempt for failing to comply with an order to provide weekly accountings for properties subject to an equitable distribution order.  In its third order, the court ordered Husband incarcerated until he provided financial information to Appellee, Carolyn Camper ("Wife"), and paid Wife's counsel fees.

We dismiss Husband's appeal from the first two contempt orders as moot.  We reverse the third order to the extent it holds Husband in contempt and compels him to pay counsel fees, and we remand for the return of the counsel fees that Husband paid to Wife.  We dismiss the appeal from the third order in all other respects as moot.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Husband and Wife married in 2005 and separated in 2013. Prior to the marriage, Husband formed Werner Athletic Management, LLC ("WAM") and Pennsbury Racquet and Athletic Club, LLC ("PRAC") in anticipation of purchasing a pre-existing tennis club, Pennsbury Racquet Club ("tennis club"). One year before the marriage, Husband, through PRAC, purchased the tennis club.

On June 19, 2013, Wife filed a complaint in divorce seeking equitable distribution of the parties' marital assets, alimony, alimony *pendente lite* ("APL"), counsel fees, costs and expenses. Subsequently, a court-appointed master recommended an equitable distribution of sixty percent of the marital estate to Wife and forty percent to Husband. The master made recommendations regarding the proposed distribution of several assets, including, *inter alia*, the increase in value of PRAC and WAM during the parties' marriage.

Husband filed exceptions to the master's recommendations. Following a hearing and submissions by the parties, the trial court determined that "an equal split of the marital estate is appropriate." Order and Decree, 8/21/2018. In relevant part, the trial court determined that the increase in value of PRAC and WAM during the marital coverture, which constituted marital property, was $2,300,000.00. **Id.** Additionally, the court found that "Husband's personal use of and/or mismanagement of PRAC/WAM [p]rofits/[a]ssets" following separation totaled $400,000, which the court determined was subject to equitable distribution. **Id.** The court ordered Husband to pay Wife

equitable distribution of $1,110,765.25, plus interest, within 180 days, and provide her a "weekly accounting of all amounts paid by PRAC or WAM or incurred on their behalf" until he made payment,[1] at which time she would be divested of her 3.57% and 1% respective ownership interests therein, and the financial disclosure requirement would cease. Order, 8/21/18, at ¶ 3(e). Husband timely appealed the equitable distribution order to this Court at No. 2726 EDA 2018.

In early September 2018, Husband produced a two-line document to Wife. The first line stated "total revenues" of PRAC for the week of September 2-8, 2018; the second line stated "total expenses" of PRAC for the same period. On September 7, 2018, Wife filed a petition for contempt alleging that Husband violated the accounting requirement by failing to provide sufficient details of PRAC's revenues and expenses. On January 7, 2019, the court held a hearing on the petition. On January 8, 2019, the court entered an order ("Order I") finding Husband in contempt and detailing the documents that Husband was required to produce.

On March 8, 2019, Wife filed a second contempt petition due to Husband's failure to comply with the accounting requirement after early February 2019. On May 28, 2019, the court gave a verbal order from the

---

[1] We will refer to this condition of the August 21, 2018 order as the "accounting requirement."

bench ("Order II")[2] holding Husband in contempt for a second time and directed him to provide all accountings retroactive to February as well as all future accountings until further order of the court.

On June 27, 2019, Wife filed a third contempt petition, once again due to Husband's failure to comply with the accounting requirement. On September 5, 2019, the court verbally found Husband in contempt from the bench ("Order III").[3]  In the same verbal ruling, the court directed that Husband be incarcerated until he complied with the accounting requirement and paid $5,000.00 in counsel fees to Wife.  On September 6, 2019, Husband provided all information required under the accounting requirement and paid $5,000.00 in attorney fees to Wife.  On the same date, again without entering a written order, the court directed that Husband be released from jail.  Wife did not file additional contempt petitions after Husband's release from jail.

On November 1, 2019, Husband filed a notice of appeal to this Court. This Court directed the trial court to enter written orders on the docket pertaining to Orders II and III.  On December 13, 2019, the trial court entered an order confirming the May 28, 2019 decision finding Husband in contempt and an order confirming the September 5, 2019 decision finding Husband in

---

[2] We call this statement an "order" strictly for convenience.  As discussed further below, it did not truly become an order until its memorialization in writing.

[3] Once again, we call this statement an "order" strictly for convenience.  **See** n.2, **supra**.

- 4 -

contempt and imposing sanctions. The entry of written orders perfected our jurisdiction over Husband's appeal from these orders. Pa.R.A.P. 905(a)(5).

Also of significance, on December 3, 2019, we issued a decision at No. 2726 EDA 2018 vacating the August 21, 2018 equitable distribution order in its entirety and remanding for further proceedings. *Camper v. Werner*, 2019 WL 6492950, *11 (Pa. Super., Dec. 3, 2019) (unpublished memorandum). Among other things, we vacated the trial court's valuation of PRAC and WAM due to the failure to provide any analysis for arriving at a $2,300,000.00 valuation. *Id.* at *4.

Husband raises the following issues in this appeal:

I. Whether the lower court erred in its January 7, 2019 order by holding Husband in contempt for willfully violating the terms of the August 20, 2018 order and decree as to disclosing information regarding [PRAC] to Wife[?]

II. Whether the lower court erred on May 8, 2020 by substantively changing the terms of its August 20, 2018 order and decree more beyond thirty (30) days from the date of its entry, and after an appeal was filed?

III. Whether the lower court erred by incarcerating Husband from September 5, 2019 through September 6, 2019, holding him in willful contempt and sanctioning him $5,000.00[?]

IV. Whether the lower court erred in requiring Husband to continue to directly provide confidential and proprietary information and documentation of [PRAC] to [Wife] when it was established that [Wife] worked for its direct competitor[?]

Husband's Brief at 7. In short, Husband asserts that the trial court abused its discretion in each of its three contempt orders.

- 5 -

Before proceeding further, we briefly summarize the law of civil contempt. "Contempt is a generic concept distinguished by two types, criminal and civil contempt. The difference is not of the essence, but of the purpose sought by their use. The gravamen of both is the obstruction of orderly process, and each serves a different purpose for regulating obstruction." *Crozer–Chester Medical Center v. Moran*, 560 A.2d 133, 136 (Pa. 1989). If the dominant purpose of a contempt proceeding is to vindicate the dignity and authority of the court and to protect the interest of the general public, it is a proceeding for criminal contempt. *Warmkessel v. Heffner*, 17 A.3d 408, 414 (Pa. Super. 2011). On the other hand, "[w]here the act of contempt complained of is the refusal to do or refrain from doing some act ordered or prohibited primarily for the benefit of some private party, proceedings to enforce compliance with the decree of the court are civil in nature." *Id.* The proceedings in the present case were for civil contempt because their purpose was to coerce Husband into complying with the accounting requirement.

In civil contempt proceedings, courts often impose purge conditions, for example, conditional prison sentences that give the contemnor the opportunity to purge his contempt by taking some affirmative act. *Gunther v. Bolus*, 853 A.2d 1014, 1016 (Pa. Super. 2004). The contemnor "holds the key to the jailhouse door" because he can get out of jail by satisfying the purge condition. *Id.* at 1018. In addition, the court may impose sanctions

requiring the contemnor to compensate the complainant for the loss sustained. *Id.* at 1016.

Order I was a written order entered on January 7, 2019 that held Husband in contempt for failing to produce financial information to Wife. We conclude the appeal from Order I is moot. As a general rule,

> an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*M.B.S. v. W.E.*, 232 A.3d 922, 927 (Pa. Super. 2020). "We may address mootness *sua sponte*, as we generally cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." *Id.*

Order I directed Husband to produce financial information to Wife. In September 2019, after the court ordered Husband's imprisonment, Husband produced the requisite information, thus satisfying the accounting requirement. Since, as a practical matter, it is impossible to unwind this act, Husband's appeal from Order I is moot.

Like Order I, Order II is moot because Husband produced the requisite information, thus satisfying the accounting requirement. *M.B.S.*, 232 A.3d at 927.

The appeal of Order III is moot only in part. Like the appeals from Orders I and II, it is moot to the extent that it ordered Husband to satisfy the accounting requirement, since he has provided the requisite financial information, and it is impossible to unwind this act. Similarly, the appeal of Order III is moot to the extent it ordered Husband's incarceration. We find a Maryland decision, **In Re B.T.**, No. 2384, September Term, 2018 (Md. Ct. Spec. App. 2018), persuasive on this point.[4] There, in a civil contempt case, the Maryland Court of Special Appeals held that the contemnor's appeal from an order of incarceration was moot because she had purged her contempt and had been released from incarceration. **Id.** at 7-8. The same logic applies here. It is impossible to unwind Husband's incarceration because he complied with the accounting requirement and was released from prison.[5]

On the other hand, the component of Order III directing Husband to pay counsel fees of $5,000.00 to Wife is not moot, because we can reverse this

_____

[4] Pennsylvania courts may use decisions from other jurisdictions for guidance to the degree such decisions are useful and not incompatible with Pennsylvania law. **Kelly v. Carman Corporation**, 229 A.3d 634, 652 n.9 (Pa. Super. 2020).

[5] This Court has held in civil contempt cases that an appeal from an order of incarceration is not moot when, although contemnor has been released from prison, he remains subject to a support order, and failure to comply with such an order might again subject him to contempt proceedings. **Warmkessler v. Heffner**, 17 A.3d 408, 413 (Pa. Super. 2011). This situation does not exist here, because Appellant did not remain subject to any further court orders following his release from incarceration.

sanction and order Wife to return these funds to Husband. Accordingly, we proceed to the merits of this issue.

We will reverse a contempt order upon a showing of an abuse of discretion. **Orfield**, 52 A.3d at 278. A court abuses its discretion "if it misapplies the law or exercises its discretion in a manner lacking reason." **Godfrey v. Godfrey**, 894 A.2d 776, 780 (Pa. Super. 2006).

In proceedings for civil contempt, the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order. **Thomas v. Thomas**, 194 A.3d 220, 226 (Pa. Super. 2018). "To sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent." **Id.** Nevertheless, "a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt." **Id.**

The enforceability of a contempt sanction rests not only on the legality of the order itself, but also on the legality of the underlying order directing the contemnor to take certain action. **Commonwealth v. Tyson**, 800 A.2d 327, 331 (Pa. Super. 2002). The trial court cannot impose contempt for an order that the Superior Court subsequently extinguishes. **Kuppel v. Auman**, 529 A.2d 29, 31 (Pa. Super. 1987) (where court held appellant in contempt in

- 9 -

1984 for violating 1983 order, and Superior Court extinguished 1983 order in 1986, 1984 contempt order had no further validity).

Here, in August 2018, the trial court entered an equitable distribution order directing Husband to pay Wife $1,110,765.25 plus interest and provide weekly accountings to Wife of all amounts paid or incurred by PRAC or WAM until he made payment. Subsequently, the court entered Order III holding Husband in contempt for failing to comply with the accounting requirement. In December 2019, however, this Court vacated the August 2018 equitable distribution order in its entirety (including its valuation of PRAC and WAM) and remanded for further proceedings. The *vacatur* of the equitable distribution order effectively extinguished the contempt and counsel fee terms in Order III, because it is improper to hold a party in contempt for violating an order that itself is defective. **Tyson**, **Kuppel**, *supra*. Accordingly, we reverse Order III to the extent it held Husband in contempt and directed him to pay counsel fees to Wife. We remand with instructions for the trial court to order Wife to return the counsel fees to Husband.

Appeal from Orders I and II dismissed as moot. Appeal from Order III dismissed in part and reversed in part. Case remanded for proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judge Colins joins the memorandum.

Judge Bowes files a concurring and dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2021