J-S35019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAROLYN T. CAMPER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY S. WERNER | : | |
| | : | |
| Appellant | : | No. 3179 EDA 2019 |

Appeal from the Order Entered September 5, 2019
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. A06-13-60988-D

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED JULY 29, 2021**

I respectfully dissent.  While I concur in the learned Majority's *vacatur* of the financial sanction imposed by the trial court's September 5, 2019 final contempt order, I cannot join in its conclusions regarding mootness.  Pursuant to Pennsylvania precedent, I would expand the Majority's limited grant of relief to vacate all three of the contempt findings entered against Husband.

As the Majority has noted in its factual summary, there were three separate orders entered in these ancillary contempt proceedings,[1] which

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]   These contempt proceedings are ancillary to the underlying equitable distribution matter, which was pending on appeal when this dispute arose. **See**, **e.g.**, **V.C. v. L.P.**, 179 A.3d 95, 97 (Pa.Super. 2018) (quashing all unrelated portions of an appeal taken from a finding of contempt); **see also**,
*(Footnote Continued Next Page)*

concerned Husband's compliance with his obligation to provide regular reports to Wife detailing the finances of Werner Athletic Management, LLC ("WAM"), and Pennsbury Racquet and Athletic Club ("PRAC"). The trial court's September 5, 2019 order was the culmination of these proceedings and subjected Husband to incarceration and required him to pay $5,000 for Wife's attorney fees. The earlier interlocutory contempt findings entered on January 8, 2019, and May 28, 2019, respectively, contained no such sanctions. Following a single day behind bars, Husband relented and provided the withheld information to Wife. Thereafter, in parallel proceedings, this Court vacated the trial court's equitable distribution order due to reversible errors in its division of assets. *See Camper v. Werner*, 225 A.3d 1126 (Pa.Super. 2019) (non-precedential decision at 1-11).

Husband now seeks to vacate these three contempt findings based upon this Court's invalidation of the underlying equitable distribution order that formed the basis for the trial court's contempt findings. *See* Husband's brief at 13-28. Our standard of review over such claims is as follows:

> In reviewing a contempt order, this Court must ensure that the trial court correctly applied the law in reaching its findings and did not abuse its discretion. We will only reverse where the trial court misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will.

---

*e.g.*, *Raynor v. D'Annunzio*, 243 A.3d 41, 57 (Pa. 2020) (Wecht, J., concur.) ("Contempt hearings and motions for sanctions, by contrast, are ancillary to the underlying civil action . . . .").

- 2 -

> The enforceability of the lower court's sanction rests not only on the legality of the order itself, but also on the legality of the underlying order[.]

***Commonwealth v. Tyson***, 800 A.2d 327, 331 (Pa.Super. 2002) (cleaned up). To that end, this Court has previously vacated direct civil contempt orders where the legal justification underlying the finding of contempt is invalidated on separate grounds in subsequent appellate proceedings. ***See Kuppel v. Auman***, 529 A.2d 29, 30-31 (Pa.Super. 1987).

With these principles in mind, I must disagree with the Majority's finding of mootness. There is a paucity of Pennsylvania law supporting the Majority's position that the mere purging of an underlying civil contempt order renders it moot for the purposes of appellate review.[2] Tellingly, the Majority has cited no authoritative Pennsylvania holdings in support of its conclusion. Rather, the tenuous lynchpin of the Majority's analysis is an unpublished writing from Maryland, which it cites for the broad proposition that an appeal from an "order of incarceration" entered in connection with civil contempt is moot if the contemnor has purged the contempt. Majority Memorandum at 8 (citing ***In re B.T.***, 2019 WL 931718, at *3-*4 (Md. Ct. Spec. App. 2019)).

The Majority's reliance upon this precedent is ill-advised. As an "unreported" decision of the Maryland Court of Special Appeals, the law of our sister jurisdiction clearly provides that ***In re B.T.*** "is neither precedent within

---

[2] By contrast, there is a robust line of precedent wherein this Court has **refused** to find waiver in the context of expired civil contempt sanctions where a petitioner remains subject to an underlying order. ***See Orfield v. Weindel***, 52 A.3d 275, 278 (Pa.Super. 2012) (collecting cases); ***Warmkessel v. Heffner***, 17 A.3d 408, 413 (Pa.Super. 2011) (same).

the rule of *stare decis* nor persuasive authority." Md. Rule 1-104(a). Were this Court applying the law of Maryland, we would not be permitted to even cite this holding. Md. Rule 1-104(b). Consequently, it seems unwise to elevate it to the level of persuasive precedent here in the Commonwealth. To the extent that **In re B.T.** stands for general principles of jurisprudence that are reasonably appurtenant to the instant case, I read the gravamen of its holding much differently than the Majority.

In the case, a petitioner appealed the validity of a civil contempt order on the basis that the trial court had assigned a purge condition with which she was allegedly unable to comply. However, she did not dispute the court's "authority to impose the conditions that served as the basis for the court's finding of contempt" and conceded that she had violated the at-issue order. **See In re B.T.**, **supra** at *4-*5. Consequently, the appellate court found that the petitioner's argument was moot under Maryland law. **Id**. at *4 ("As a general proposition, an appeal of an order of contempt is moot if the contempt is purged. . . . [A]bsent a challenge to the contempt finding itself, there is nothing for this Court to consider." (cleaned up)). To the extent that this Maryland-specific law is fairly applicable here, I find it is readily distinguishable. Specifically, the instant appeal directly implicates the trial court's authority to impose the at-issue contempt findings. A fair reading of the cited Maryland case law supports a conclusion that challenges addressed to the authority of the trial court to enter contempt orders is **not** rendered moot by the contemnor's decision to purge the sanction imposed. **Id**.

Moreover, I find **Kuppel** binding on this point. In that case, the petitioner was found to be in direct civil contempt due to his failure to preserve a right of way across land that he owned. Several years after that finding of contempt, this Court overturned the underlying order that had required the petitioner to maintain the encumbrance. Thereafter, he filed a petition to vacate his contempt, which was denied by the trial court. On appeal, this Court reversed the trial court under a straightforward reasoning:

> Where an appellate court reverses the decision of a trial court and remands for new proceedings, the cause is restored to the status it had before the proceedings began. The court order at issue thereby became null and void. As of the date of the appellate decision, the trial court edict had no continuing effect. It was a nullity. It had no more force than a wisp of smoke dissipated in the air.
>
> The October 30, 1984 contempt order was based on a violation of the order of November 4, 1983. Because the November order was extinguished by the [S]uperior [C]ourt . . . , the order of October 30 also has no further validity. It is impossible to hold someone in contempt of an order which does not exist.

**Kuppel**, **supra** at 31 (cleaned up).

Applying this holding to the case at bar, Husband's challenge to the validity of the trial court's direct civil contempt findings arises under an identical procedural posture, *i.e.*, the underlying equitable distribution order that required him to provide certain financial information to Wife has been vacated. **See Camper**, **supra**. As a threshold matter of law, this vacated order no longer exists and, consequently, cannot serve to justify the imposition of direct civil contempt by the trial court. **Accord Kuppel**, **supra**

- 5 -

at 31. Indeed, the Majority relies upon **Kuppel** to vacate the award of attorney's fees contained in the third contempt order. **See** Majority Memorandum at 11 ("[I]t is improper to hold a party in contempt for violating an order that itself is defective.") (citing **Kuppel**, **supra** at 31).

To my mind, the Majority's well-reasoned rationale for granting limited relief applies with equal force to all three contempt findings. There is nothing in our persuasive or binding case law to suggest that we cannot grant a full measure of relief to Husband merely because he has purged his contempt by complying with the since-vacated equitable distribution order. While I agree with the Majority's general observation that this Court is not capable of "unwinding" Husband's decision to disclose financial information to Wife, I believe that we **are** fully empowered to grant the specific relief sought in this case, *i.e.*, vacating the contempt findings entered against Husband that have been invalidated by this Court's holding in **Camper**.

Contrary to the Majority's position, vacating the contempt findings against Husband *in toto* will work a significant change in the procedural posture of this case by returning the parties to the status that existed prior to the erroneous equitable distribution proceedings. **Kuppel**, **supra** at 31 ("When an appellate court reverses the decision of a trial court and remands for new proceedings, the cause is restored to the status it had before the proceedings began."). Moreover, the ongoing existence of these unsupported contempt findings have reputational implications for Husband that further augur against finding them moot. **See**, **e.g.**, PA. CONST., Art. I, § 11 ("[E]very

man for an injury done him in his lands, goods, person **or reputation** shall have remedy by due course of law . . . ." (emphasis added)); ***see also***, ***e.g.***, ***In re B.T.***, ***supra*** at *5 (recognizing that a finding of direct civil contempt "labels the [petitioner] a contemnor and imputes guilt to him or her").

Based on the foregoing discussion, I concur to the extent that the Majority vacates the financial sanction, however I would vacate the contempt finding in full. Thus, in all other aspects, I respectfully dissent.